MOLLOY *et al. v.* BOARD OF HEALTH OF TOWN OF MAMARONECK.

(*Supreme Court, General Term, Second Department.* July 2, 1891.)

MUNICIPAL CORPORATIONS—CONTRACTS BY BOARD OF HEALTH—TOWN CHARGES.

Plaintiffs contracted with the board of health of a town for the construction of a sewer. *Held,* that the expense thereof was a town charge, and that suit therefor would not lie against the board of health under Laws N. Y. 1885, c. 270, § 5, which provides that all expenses incurred by the several boards of health shall be charges on the town only, and collected in the same manner as other town charges. PRATT, J., dissenting.

Appeal from circuit court, Westchester county.

Action by William V. Molloy and Frank W. Molloy against the board of health of the town of Mamaroneck to recover a balance due on a contract made between plaintiffs and defendant for the construction of a sewer. From a judgment for defendant, plaintiffs appeal. Laws N. Y. 1885, c. 270, § 5, provides that "all expenses incurred by the several boards of health in the execution and performance of their duties * * * shall be a charge only on their respective towns, and shall be audited, collected, and paid in the same manner as other town charges are audited, levied, collected, and paid."

Argued before BARNARD, P. J., and PRATT, J.

*C. H. & J. A. Young,* for appellants. *Arthur T. Hoffman,* for respondent.

BARNARD, P. J. The plaintiffs performed work under a contract with the defendant. The expense was a town charge. Chapter 270, Laws 1885. The board of health has no place as a defendant. It is a town agency only. The claim must be presented to the town auditors for audit. *People* v. *Barnes,* 114 N. Y. 324, 20 N. E. Rep. 609, and 21 N. E. Rep. 739; *People* v. *Board,* 18 Barb. 567; *Bell* v. *Town of Esopus,* 49 Barb. 506. The judgment should therefore be affirmed, with costs.

PRATT, J., (*dissenting.*) The only question presented by this appeal is whether the action is properly brought against defendant. Sections 1926, 1927, specify certain public officers who may maintain actions in their official capacity. The defendants are not among the officials named, but we think the Code is merely declaratory of the common law; and we see no reason why the defendants do not come within the reason of the rule as stated by PORTER, J. *People* v. *Supervisors,* 32 N. Y. 476. It has been held that boards of health can sue in their corporate name, and it would seem to follow that they can be sued in the same name. If it be, as argued by defendant, that the claim cannot be collected from the town till it has been passed upon by the town audi-

tors, that does not necessarily show that the action does not lie against the board of health. It may well be that after the judgment has passed against the board of health it must again be passed upon by the town auditors before it can be enforced. If the town auditors erroneously decided against the claim, their action can be reviewed by *certiorari*. *People* v. *Chapin*, 104 N. Y. 96, 10 N. E. Rep. 141. The action was properly brought against the board of health. The judgment must be reversed, and new trial ordered, with costs to the plaintiffs to abide the event.