ELLERY COLBY and Others, as Trustees for the Benefit of ELLERY COLBY and Others, Respondents, *v.* THE TOWN OF DAY, Appellant.

*Claim for work done under a contract by the town board, invalid until validated by legislative act — it must be audited by the town board — effect of a refusal to audit it — when a general exception to a decision is sufficient.*

Where a case is tried before the court without a jury and a decision is rendered containing specific findings of fact and but one conclusion of law, to wit, that the plaintiff is entitled to judgment in a certain sum together with costs and an additional allowance, a general exception stating that the defendant excepts to the decision filed and to each and every part thereof, is as effective to enable the defendant to review any facts upon which the single conclusion of law was based as if the exception had been in form to such conclusion.

An action will not lie against a town to recover upon a contract (confessedly invalid at the time it was made, but afterwards validated by an act of the Legislature) made by the town board for the construction of abutments for a bridge. Such an action is purely upon contract, for an unliquidated claim,

and the statute legalizing the contract is not effective to create a debt against the town further than a debt may be created by the execution of any legal contract.

*Semble,* that the town board alone had jurisdiction to determine such a claim.

The fact that, before the contract had been legalized by the act of the Legislature, the contractors presented their claim to the town board and that such body ignored the same, does not entitle the contractors to maintain an action against the town upon the contract.

*Semble,* that, in no event, would the mere rejection or ignoring of the claim by the town board be sufficient to give the court jurisdiction of an action against the town thereon.

APPEAL by the defendant, The Town of Day, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Saratoga on the 27th day of November, 1901, upon the decision of the court rendered after a trial before the court without a jury at the Saratoga Trial Term, with notice of an intention to bring up for review upon such appeal an order granting the plaintiffs an extra allowance of costs.

*William D. McNulty,* for the appellant.

*Nash Rockwood* and *Oscar B. Glezen* for the respondents.

SMITH, J.:

The judgment appealed from was entered upon the decision of the court without a jury. That decision contains specific findings of fact. It contains but one conclusion of law, to wit, that the plaintiff's were entitled to judgment against the defendant for the sum of $3,000, with interest thereon from September 5, 1899, besides costs and an additional allowance of five per cent granted upon the subject-matter of said action to be taxed in accordance with the rules and practice of this court. To that decision a general exception was filed, in which the defendant excepted to the decision filed and to each and every part thereof. The facts are mainly stipulated and there are no exceptions to rulings upon the evidence. Respondents claim that the general exception of the appellant presents no question for review. They cite several authorities that hold that a general exception is unavailing. This rule seems to be held in *Drake* v. *N. Y. Iron Mine* (156 N. Y. 90). In that case, Judge GRAY, writing for the court, says: "What is thereby contemplated is, not a general exception to the rulings, but

'an exception to a ruling.' The present case furnishes a good illustration of the untenability of a general exception; for, in the five conclusions of law, some of the rulings were clearly correct within the appellant's argument. The court is not required to search through the case to find support for the appellant's general contention that the judgment is erroneous. It is not called upon to exercise its jurisdiction upon the review of a case unless the question or questions of law are specifically pointed out by appropriate exceptions to the rulings made upon the trial which define the error or errors relied upon to reverse the judgment." The failure to find specifically upon the several propositions of law involved, and the summing up of the conclusion of the court in one general finding to the effect that the plaintiffs are entitled to judgment, might well be held to be a short decision under section 1022 of the Code to which a general exception alone would be required. Where, however, there is a single conclusion of law, a general exception as here stated should be held equivalent to an exception to that ruling of law, and is as effective to enable the appellant to review any facts upon which the ruling is based as if the exception had been in form to that single conclusion of law. Neither respondent nor the court can be misled. The reason of the rule failing, the court will not forfeit appellant's right of review by a purely technical application thereof.

Upon the merits I find no legal warrant for the bringing of this action. The claim is upon a contract made with a town through its town board for the construction of abutments for a bridge. That contract was confessedly invalid unless it was given life by the Legislature. By chapter 163 of the Laws of 1901 it was provided that this contract was legalized and confirmed in all respects. Assuming for the argument that the act was effective to accomplish its purpose, this action, then, is simply an action to enforce a contract or for damages for its breach. In *Bell* v. *Town of Esopus* (49 Barb. 506) it is held that an action will not lie against a town to recover a claim arising upon a contract. This holding seems to be based upon abundant authority cited upon page 507 of the opinion. (See, also, *Malloy* v. *Board of Health*, 60 Hun, 422; *People ex rel. Myers* v. *Barnes*, 114 N. Y. 317.) Section 162 of the Town Law (Laws of 1890, chap. 569, as amd. by Laws of 1897, chap. 481)

provides for a meeting of the town board "for the purpose of auditing accounts and allowing or rejecting *all* charges, claims and demands against the town." If a town can be summoned to court to defend all claims made upon contracts with its town officers, the whole system contained in the statute for the auditing of claims against the town would seem to be nullified. The rule as laid down in the *Bell* case has been to a slight extent limited. In *Marsh* v. *Town of Little Valley* (1 Hun, 556) the action was upon town bonds issued under authority of the Legislature which had come into the hands of *bona fide* purchasers for value. In that case the court held that an action might be brought against the town thereupon. The reason is thus stated in the opinion : "The bonds in this action are the clear, undisputed, liquidated debts of the town, and we have no doubt that the action was properly brought thereupon as held by the judge at the circuit * * *." In *Brown* v. *Town of Canton* (4 Lans. 409) the action was upon town certificates of indebtedness issued for bounty to volunteers which became, by the provisions of section 1 of chapter 8 of the Laws of 1864, debts of the town. The court sustained the right of action, upon the ground that the statute under which the claim arose made the claim a debt against the town, and thereby exempted it from adjudication by the board of town auditors. This limitation of the rule in no way authorizes the bringing of this action. The action is purely upon a contract for an unliquidated claim, and the statute legalizing the contract was not effective to create a debt against the town further than a debt may be created by the execution of any legal contract. Whether this contract had been properly performed the town board was to inquire, and to it alone would seem to be given jurisdiction to determine the plaintiff's claim. In the case of *People ex rel. Jonas* v. *Town Auditors* (49 App. Div. 4) the remarks in reference to the right to sue the town are purely obiter, and that case has been overruled by the Court of Appeals in *People ex rel. Village of Brockport* v. *Sutphin* (166 N. Y. 163). In the dictum contained in *People ex rel. Jonas* v. *Town Auditors* a right of action is intimated as given by section 182 of the Town Law, but by that section is enacted no new rule of law, and the court is given jurisdiction of no action of which jurisdiction it was formerly denied. In the case of *Lattin* v. *Town of*

*Oyster Bay* (34 Misc. Rep. 568) it is held that the Town Law has not had the effect of making a town capable of suing or being sued generally, or in any case where it could not formerly sue or be sued either directly or by or through some official. The question at issue is ably discussed in the opinion of Justice GAYNOR, and his conclusion there reached is satisfactory to us.

The legalizing act referred to was passed after the bringing of this action and was brought into the action by supplemental pleading. Prior to the bringing of this action the plaintiffs presented their claim to the town board, which ignored the same. Respondents claim that having presented the claim to the town board upon its refusal to audit the same, they are entitled to maintain this action. It might well be answered that the claim upon which recovery has now been had was never presented to the town board for audit. The claim as now made is upon a contract legalized by act of the Legislature. Of no such claim has the town board ever had cognizance. But a complete answer to the respondents' contention lies in the fact that the rejection or ignoring of a claim is insufficient to give the court jurisdiction of an action thereupon. If a claim of which the town board only has jurisdiction has been by it ignored, the remedy is by mandamus to compel it to audit the same; if the claim has been rejected, the remedy is by certiorari to review its action. In neither case is an action authorized by reason of the act of the board. (See *People ex rel. Hamm* v. *Town Auditors*, 43 App. Div. 22.)

It seems clear, therefore, that this judgment is improper and should be reversed, with costs, and, as the action is unauthorized, the complaint should be dismissed, with costs.

All concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.