## BRAGG v. TOWN OF VICTOR.

(Supreme Court, Appellate Division, Fourth Department.　May 5, 1903.) ·

1. TOWNS—ACTION AGAINST—COMPLAINT.

A complaint against a town alleged that the town board was authorized to purchase a site and erect a town hall thereon, and to issue bonds, not exceeding $8,000, therefor, and that it sold the bonds for not less than par; that it made a contract for the building for $6,820; that plaintiff was a subcontractor thereon, and lost thereby; that a resolution was adopted at a town meeting authorizing payment by the town of $100 to reimburse him in part for his loss; that this was due, and no part of it had been paid. *Held* that, even if the claim was valid, the complaint did not show a right to maintain the action, it being necessary, if part of the $8,000 remained, that at least demand should be made on the board, and it being necessary, if none of it remained, that the steps provided by Town Law (Laws 1890, pp. 1233, 1237, c. 569) §§ 162, 180, subd. 7, for having it audited, and a tax levied therefor, be taken; the action against the town provided for by section 182 being authorized only where the tax has reached the hands of the supervisor, and he has refused to pay the claim.

McLennan, J., dissenting.

Appeal from Trial Term, Ontario County.

Action by Martin F. Bragg against the town of Victor. Demurrer to the complaint was overruled, and judgment rendered for plaintiff for the amount of his claim, and defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Mark T. Powell, for appellant.
John H. Egan, for respondent.

WILLIAMS, J. The judgments interlocutory and final should be reversed, and the demurrer to the complaint be sustained, with costs of this appeal to the appellant, and with leave to the respondent to plead over upon paying the costs of this appeal and of the demurrer.

The action is to recover $100 upon the facts alleged in the complaint. The demurrer raises the question whether such facts constitute a cause of action. The allegations are that March 7, 1899, the electors of the town passed a resolution authorizing the town board to make an appropriation, not to exceed $8,000, for the purchase of a site and the erection of a town hall; that thereafter, and on April 12, 1899, the Legislature passed an act (chapter 294, p. 646, Laws 1899) authorizing the town board to purchase a site and erect a town hall thereon, and to issue bonds not exceeding in amount $8,000, and ratifying, legalizing, and confirming the resolution passed by the town board March 7, 1899; that the bonds were issued and

sold at not less than par; that May 2, 1900, the town board made a written contract with a firm at Seneca Falls, N. Y., to furnish the labor and materials and construct a town hall for the agreed sum of $6,820; that the plaintiff thereafter became a subcontractor under said firm to furnish the materials and perform the carpenter work in such construction for the sum of $3,200; that he furnished the materials and performed the labor for such work at an actual and necessary cost of $3,334, besides the value of his own services for 104 days; that he performed his work in a faithful, skillful, and workmanlike manner, and the building was accepted by the town as a full and complete execution of the contract on the part of the original contractors and the plaintiff; that the plaintiff expended $134 in money and 104 days in service for which he received no compensation, and lost that amount; that March 5, 1901, at a town meeting of the town, a resolution was adopted authorizing the payment by the town of $100 as an additional compensation to reimburse him in part for his loss sustained in the construction of the town hall; that this appropriation was just and reasonable, and the town had a legal right to raise and appropriate the money for the purpose; that the amount is due and payable, and no part has ever been paid. Judgment is demanded for $100 and interest from March 6, 1901.

The action cannot be maintained upon the facts stated, even if the claim is a valid one. The remedy of the plaintiff was to present his claim to the board of town auditors. They were the officials who had charge of the $8,000 fund and the expending of it in the construction of the town hall. It does not appear that the town board was called upon to pay the $100 from the $8,000 fund, and refused to do so. Moreover, it does not appear that any part of that fund remained in the hands of the board unexpended. Such fact cannot be assumed or presumed. If true, it should be alleged, and, if denied, would have to be proved, before a recovery could be had in an action against the town. The town board had to purchase a site and pay for it out of the fund. It is not alleged that a site was purchased, nor is it alleged how much was given for it. In the absence of an allegation to that effect, it cannot be assumed or presumed that extras over and above the contract price were not necessarily paid for from the fund. In short, it does not appear that the board had moneys in its hands of the $8,000 fund, unexpended, with which to pay the plaintiff's claim. If they had, and refused to apply it to that purpose, it is possible that an action would lie against the town for the neglect of official duty by the town board under section 182 of the town law (chapter 569, p. 1237, Laws 1890). Assuming, however, that all of the $8,000 fund had been expended for the purposes for which it was raised and appropriated, then no money could be raised with which to pay the claim, except through the proceedings provided by law—the presentation of the claim to the town board, its audit by the board, the certificate thereof to the board of supervisors, the levying of the same as a tax upon the town, collection by the collector, payment to the supervisor of the town, and then payment by him to the plaintiff. None of these proceedings were taken in this case, and the law is well settled that an action will not lie against the town to recover

a claim, which is a proper one for audit by the town board. There is no other way provided by law to raise the money, and the town officials cannot proceed in this way unless the claim is first presented to such board for audit. If the claimant fails to set these proceedings in motion, he certainly ought not to be permitted to make the town the costs of an action resulting in a judgment, which must then be presented to the town board for audit in order to enable the town to raise the money to pay it. He may as well present his claim without the costs, as to present the judgment including costs. The remedy suggested is adequate and exclusive. If the town board refuses to act, it may be compelled by mandamus. If it acts, and disallow the claim or reduce the amount, it may be reviewed by certiorari. The policy of the law is very clear, and under the facts alleged in the complaint the action cannot be maintained. The plaintiff does not appear to controvert these propositions. He seems to base his right to recover in an action upon the supposition that sufficient moneys remain in the hands of the town board of the $8,000 fund from which to pay this claim, and, if that be true, and he made demand upon the board, and they refused to pay, the action might possibly be maintained. The difficulty is that it is not alleged that the funds are in hand to pay, and, the demand being made, the town board refused such payment; and in the absence of these allegations a right of action is not made out.

The statutory proceedings hereinbefore referred to are found in the town and county laws, viz.: Section 180, subds. 3, 4, Town Law, make the claim a town charge, and subdivision 7 provides such town charge shall be presented to the town board for audit. Section 162 and section 180, subd. 7, Town Law, provide for certification of claims allowed to the board of supervisors, and their levy of tax. Sections 56 and 84 of the tax law (Laws 1896, pp. 816, 824, c. 908) provide for collection of tax by collector and payment of same to the supervisor of the town. Section 80, Town Law, provides the supervisor shall pay the money upon the claim. Under section 182, Town Law, if supervisor neglects to pay, action will lie against town for such neglect. Bennett v. Town of Ogden (Sup.) 81 N. Y. Supp. 56. The statute having provided the remedy suggested, no action will lie against the town. The remedy is exclusive. The statute (section 182, Town Law) authorizing actions against towns does not cover this case. In case of refusal by the board to act, mandamus may compel action. Should the board audit erroneously, they may be reviewed by certiorari. Lattin v. Town of Oyster Bay, 34 Misc. Rep. 568, 70 N. Y. Supp. 386; Colby v. Town of Day, 75 App. Div. 211, 77 N. Y. Supp. 1022, and cases therein referred to.

The views hereinbefore expressed lead to a reversal of the judgments, and sustaining of the demurrer, with leave to plead over as hereinbefore suggested.

Interlocutory and final judgment reversed, and demurrer to the complaint sustained, with costs to the appellant, with leave to the respondent to plead over upon payment of the costs of the demurrer and of this appeal. All concur, except McLENNAN, J., who dissents.