PEOPLE ex rel. LESTER v. ENO et al.

(Supreme Court, Appellate Division, Fourth Department. May 26, 1903.)

1. HEALTH—BOARDS OF HEALTH—DUTIES—POWERS—SMALLPOX EPIDEMIC.

It was the undoubted duty of a local board of health, created by statute for the express purpose of preserving the health of the residents of the town, when smallpox developed within the limits of its jurisdiction, to take immediate and efficient steps not only to furnish care and attendance to persons afflicted, but to protect the residents of the town, and to this end it was authorized to incur any reasonable expense.

2. SAME—EXPENSES—HOW PAID.

Under the express provisions of Public Health Law, art. 2, § 30 (Laws 1893, p. 1509, c. 661), reasonable expenses incurred by a local board of health in suppressing and caring for an epidemic of smallpox developed within its jurisdiction became a charge on the town, which was to be audited, levied, collected, and paid in the same .manner as other legal charges.

3. SAME—EMPLOYMENT OF PHYSICIAN— COMPENSATION—ALLOWANCE— RETURN OF BOARD—PROBATIVE FORCE.

Relator alleged in his petition that on a certain date he was employed by the health officer of the town to take charge of smallpox patients, and in this he was corroborated by one of the members of the board of health, who stated unqualifiedly that the health officer was authorized by the board to employ relator, and that he did employ him, assuring him that he would be well paid for his services. The affidavit of another party was to the effect that the health physician stated to relator in his presence that the board had authorized relator to treat such patients, and would pay the reasonable value of relator's services therefor. There was no dispute as to the rendition of the services, or as to the reasonableness of the charges. *Held* that, while the return of a majority of the town board in form denied many of the allegations of the petition, its probative force was not such as to overcome the specific allegations of the petition and the affidavit accompanying it, re-inforced as they were by the return of said one member of the board; and relator was entitled to recover his charges in full.

Certiorari by the people, on the relation of Garra K. Lester, to Joseph H. Eno and others, constituting the town board of the town of Hamburg, Erie county, N. Y., to review the action of said board in the matter of the audit of a claim presented to it by relator. Determination of board annulled.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Levant D. Lester, for relator.

Charles Diebold, Jr., for respondents.

ADAMS, P. J. The relator, who, on the 29th day of April, 1902, was a practicing physician in the town of Hamburg, in the county of Erie, discovered the fact that two of his patients had developed the disease of smallpox, which fact he on the day above named reported to Dr. Bentley S. Bourne, the health physician of the town. A meeting of the board of health was thereupon called for the day following, at which meeting the health physician reported the existence of these cases of smallpox, expressed his opinion as to the source of communication, and recommended that a strong quarantine be established to prevent the spread of the disease. The relator, in his petition, states that at the time he notified the health officer of the existence of the disease he stated to him that it was his desire to turn his patients over to him for further care and treatment, as he did not wish to jeopardize his professional practice by longer attendance upon them, and that he was requested by such health officer to remain in attendance upon his patients until a special meeting of the board of health could be called for consideration of the matter; that a meeting of the board of health was held on the 30th day of April following, at which the health officer and one Salisbury, a member of the board, were authorized to do and perform all things which might be necessary for the purpose of checking the disease, and that thereupon the health officer informed the relator of the action of the meeting, and stated that he desired him to remain in charge of and treat and care for all the patients who then had or might thereafter be afflicted with the disease, and at the same time assured him that he would be well paid for his services; that in pursuance of such request and assurance the relator did continue to treat and care for the patients afflicted with the disease and others which subsequently developed the same until the 7th day of May following, when, in order, as he says, that he might have some definite understanding as to his compensation, he sent a letter to the health board, informing it that he would be unable to longer continue his services in connection with the smallpox patients without receiving as his compensation therefor the sum of $10 per day; that on the 9th day of May the town board of health met, and passed a resolution employing the relator at the rate named in his letter. It also appears without contradiction that from the 29th day of April to the 9th day of May, inclusive, the relator attended daily at least one smallpox patient, and that he was the only physician in the town who rendered any medical care and treatment to patients afflicted with this disease while they were in the care of the town. It also appears, and is not disputed, that he continued to render such services until and including the 28th day of May, when apparently the disease had become so far checked that there was no further occasion for his services. On the 19th day of June following the relator filed in the town clerk's office of the town of Hamburg a verified and itemized claim

for his professional services from the 29th day of April to the 28th day of May, inclusive, at the rate of $10 per day, and also for an additional sum of $18.95 for vaccinating 13 persons and fumigating several houses which had been occupied by persons afflicted with the disease. On the 7th day of August following the town board acted upon this claim, allowing the same for services rendered from the 9th to the 28th day of May, inclusive, and also the charges for vaccination and fumigation, but disallowing each and every charge for services rendered prior to the 9th day of May. This portion of the relator's account was rejected upon the sole ground that the relator had no legal claim against the town therefor by reason of the fact that there was no employment of him by the town prior to the date last named.

We think, in view of all the circumstances brought to our notice by the record in this proceeding, that this contention on the part of the respondents cannot be sustained. The board of health of the town of Hamburg is a local agency, created by statute for the express purpose of preserving the health of the residents of that town (Malloy v. Town of Mamaroneck, 60 Hun, 422, 15 N. Y. Supp. 487), and it was its undoubted duty, when so virulent and dangerous a disease as smallpox developed within the limits of its jurisdiction, to take immediate and efficient steps not only to furnish care and attendance to persons afflicted with the disease, but to protect, as far as possible, the residents of the town from the danger to which they were exposed by reason of its contagious and malignant character. To this end it was authorized to incur any reasonable expense and the expense thus incurred by express direction of the statute became a charge upon the town, which was to be audited, levied, collected, and paid in the same manner as other legal charges are audited, levied, collected, and paid. Public Health Law, art. 2, § 30, Laws 1893, p. 1509, c. 661. It is clear, therefore, that, if this relator was employed by the health board, or by any other duly authorized party acting in its behalf, he should be allowed a reasonable sum for the services rendered by him in virtue of such employment. He alleges in his petition that he was thus employed on the 29th day of April by the health officer of the town, and in this he is corroborated by Mr. Salisbury, one of the members of the board of health, who states unqualifiedly that the health officer was authorized by the board to employ the relator, and that he did employ him, and gave him the assurance that he would be well paid for his services. There is also further corroboration of this allegation in the affidavit of Mr. Henry J. Danser, who says that the health physician stated to the relator in his presence that the town board of health had authorized the relator to treat and care for all patients who then had or might thereafter be afflicted with the smallpox, and would pay the reasonable value of relator's services for such care and treatment. While the return of a majority of the town board to the relator's petition in form denies many of the allegations thereof, we are impressed with the idea that such denial is merely formal, and designed mainly for the purpose of raising an issue. At all events, its probative force is not such as to fairly meet and overcome the specific allegations of the petition

and the affidavit accompanying the same, re-enforced as they are by the return of the respondent Salisbury; and, inasmuch as it is practically conceded that the relator's charge for his services is, under all the circumstances, a reasonable one, we think the same should be allowed for the full amount thereof.

It follows that the respondents were not justified in rejecting the same, and that the determination of the town board of the town of Hamburg should be annulled, with $50 costs and disbursements to the relator. All concur.