MARTIN F. BRAGG, Respondent, *v.* TOWN OF VICTOR, Appellant.

*Town — action by a sub-contractor upon a town hall, who has done the work at a loss which the town meeting has authorized the town to pay — the failure to allege that any part of the proceeds of bonds issued to raise money to pay for the town hall remains in the hands of the town board renders the complaint, in an action to recover the amount, demurrable — remedy, when by certiorari.*

The complaint in an action brought against a town alleged that the Legislature had authorized the town to issue bonds in an amount not exceeding $8,000, for the purpose of purchasing a site and erecting a town hall thereon; that the bonds were issued and sold at not less than par and that the town board entered into a contract with a firm for the construction of the town hall for the agreed sum of $6,820; that the firm sublet a part of the work to the plaintiff, and that he performed such work at a loss of $134 besides the value of his own services for 104 days; that thereafter a resolution was adopted at a town meeting authorizing the town to pay the plaintiff $100 as additional compensation to reimburse him in part for his loss; that the amount was due and payable and that no part of the same had ever been paid.

Judgment was demanded for the sum of $100 and interest. The complaint did not allege whether the town board had in its hands any of the $8,000 fund unexpended.

*Held,* that, even if the plaintiff's claim was a valid one, the complaint was demurrable;

That, if the town board had in its hands sufficient of the $8,000 fund unexpended with which to pay the plaintiff's claim and had refused to apply it for that purpose, it was possible that an action would lie against the town under section 182 of the Town Law (Laws of 1890, chap. 569);

That, assuming that all of the $8,000 fund had been expended, the plaintiff's sole remedy was to present the claim to the town board for audit, and, in the event of the town board disallowing or reducing the amount thereof, to review their determination by *certiorari.*

McLENNAN, J., dissented.

APPEAL by the defendant, the Town of Victor, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ontario on the 20th day of November, 1902, pursuant to an interlocutory judgment entered in said clerk's office on the 29th day of October, 1902, upon the decision of the court, rendered after a trial at the Ontario Special Term, overruling the defendant's demurrer to the plaintiff's complaint, and also from the said interlocutory judgment upon which such final judgment was entered.

*Mark T. Powell,* for the appellant.

*John H. Egan,* for the respondent.

WILLIAMS, J. :

The judgments interlocutory and final should be reversed, and the demurrer to the complaint be sustained, with costs of this appeal to the appellant, and with leave to the respondent to plead over upon paying the costs of this appeal and of the demurrer.

The action is to recover $100 upon the facts alleged in the complaint. The demurrer raises the question whether such facts constitute a cause of action. The allegations are that, March 7, 1899, the electors of the town passed a resolution authorizing the town board to make an appropriation, not to exceed $8,000, for the purchase of a site and the erection of a town hall; that thereafter and on April 12, 1899, the Legislature passed an act, chapter 294, Laws of 1899, authorizing the town board to purchase a site and erect a town hall thereon, and to issue bonds not exceeding in amount $8,000,

and ratifying, legalizing and confirming the resolution passed by the town board March 7, 1899 ; that the bonds were issued and sold at not less than par; that May 2, 1900, the town board made a written contract with a firm at Seneca Falls, N. Y., to furnish the labor and materials and construct a town hall for the agreed sum of $6,820 ; that the plaintiff thereafter became a sub-contractor under said firm to furnish the materials and perform the carpenter work in such construction for the sum of $3,200 ; that he furnished the materials and performed the labor for such work at an actual and necessary cost of $3,334, besides the value of his own services for 104 days; that he performed his work in a faithful, skillful and workmanlike manner, and the building was accepted by the town as a full and complete execution of the contract on the part of the original contractors and the plaintiff; that the plaintiff expended $134 in money and 104 days in service for which he received no compensation, and lost that amount; that March 5, 1901, at a town meeting of the town a resolution was adopted authorizing the payment by the town of $100 as an additional compensation to reimburse him in part for his loss sustained in the construction of the town hall; that this appropriation was just and reasonable, and the town had a legal right to raise and appropriate the money for the purpose; that the amount is due and payable and no part has ever been paid. Judgment is demanded for $100, and interest from March 6, 1901.

The action cannot be maintained upon the facts stated even if the claim is a valid one. The remedy of the plaintiff was to present his claim to the town board. That board had charge of the $8,000 fund and the expending of it in the construction of the town hall. It does not appear that the town board was called upon to pay the $100 from the $8,000 fund and refused to do so. Moreover, it does not appear that any part of that fund remained in the hands of the board unexpended. Such fact cannot be assumed or presumed. If true it should be alleged, and if denied, would have to be proved before a recovery could be had in an action against the town. The town board had to purchase a site and pay for it out of the fund. It is not alleged that a site was purchased nor is it alleged how much was paid for it. In the absence of an allegation to that effect, it cannot be assumed or presumed that extras over and above the contract price were not necessarily paid for from the fund. In short, it does

not appear that the board had moneys in its hands of the $8,000 fund unexpended with which to pay the plaintiff's claim. If they had, and refused to apply it to that purpose, it is possible that an action would lie against the town for the neglect of official duty by the town board under section 182 of the Town Law (Laws of 1890, chap. 569). Assuming, however, that all of the $8,000 fund had been expended for the purposes for which it was raised and appropriated, then no money could be raised with which to pay the claim, except through the proceedings provided by law, the presentation of the claim to the town board, its audit by the board, the certificate thereof to the board of supervisors, the levying of the same as a tax upon the town, collection by the collector, payment to the supervisor of the town, and then payment by him to the plaintiff. None of these proceedings were taken in this case, and the law is well settled that an action will not lie against the town to recover a claim which is a proper one for audit by the town board. There is no other way provided by law to raise the money, and the town officials cannot proceed in this way unless the claim is first presented to such board for audit. If the claimant fails to set these proceedings in motion, he certainly ought not to be permitted to make the town liable for the costs of an action resulting in a judgment, which must then be presented to the town board for audit in order to enable the town to raise the money to pay it. He may as well present his claim without the costs as to present the judgment including costs. The remedy suggested is adequate and exclusive. If the town board refuses to act it may be compelled by mandamus. If it acts, and disallow the claim or reduce the amount it may be reviewed by certiorari. The policy of the law is very clear, and under the facts alleged in the complaint the action cannot be maintained. The plaintiff does not appear to controvert these propositions. He seems to base his right to recover in an action upon the supposition that sufficient moneys remain in the hands of the town board of the $8,000 fund from which to pay this claim, and if that be true, and he made demand upon the board, and they refused to pay, the action might possibly be maintained. The difficulty is that it is not alleged that the funds are in hand to pay, and the demand being made, the town board refused such payment, and in the absence of these allegations, a right of action is not made out.

The statutory proceedings hereinbefore referred to are found in the Town, Tax and County Laws, viz. : Section 180, Town Law, subdivisions 3 and 4, make the claim a town charge and subdivision 7 provides that such town charge shall be presented to the town board for audit.   Section 162 of the Town Law (as amd. by Laws of 1897, chap. 481), subdivision 7 of section 180 thereof, and subdivision 3 of section 12 of the County Law (Laws of 1892, chap. 686) provide for certification of claims allowed to the board of supervisors and the levy of a tax therefor on the taxable property in such town by said board.   Section 56 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1901, chaps. 158 and 550) and section 84 thereof provide for collection of said tax by collector and payment of same to the supervisor of the town.   Section 80 of the Town Law provides that the supervisor shall pay the money upon the claim which arose under section 182 of the Town Law.   If the supervisor neglects to pay, action will lie against the town for such neglect. (*Bennett* v. *Town of Ogden*, 81 App. Div. 455 ; 81 N. Y. Supp. 56.)

The statute having provided the remedy suggested, no action will lie against the town.

The remedy is exclusive.

· The statute (Town Law, § 182) authorizing actions against towns does not cover this case.

In case of refusal by the board to *act*, mandamus may compel action.

Should the board audit erroneously, its decision may be reviewed by certiorari.   (*Lattin* v. *Town of Oyster Bay*, 34 Misc. Rep. 568 ; *Colby* v. *Town of Day*, 75 App. Div. 211, and cases therein referred to.)

The views hereinbefore expressed lead to a reversal of the judgments and sustaining of the demurrer, with leave to plead over as hereinbefore suggested.

All concurred, except McLENNAN, J., dissenting.

Interlocutory and final judgments reversed and demurrer to the complaint sustained, with costs to the appellant, with leave to the respondent to plead over upon payment of the costs of the demurrer and of this appeal.