(90 App. Div. 334.)

GOODFRIEND v. TOWN OF LYME.

(Supreme Court, Appellate Division, Fourth Department. January 5, 1904.)

TOWNS—CLAIMS—REMEDIES—TOWN BOARD—PRESENTATION—ACTIONS.

> Town Law, § 180, subd. 7 (Laws 1890, p. 1237, c. 569), provides that claims against towns shall be presented to the town board for audit, and sections 162, 180, subd. 7, pp. 1233, 1237, provide for the certification of claims allowed to the board of supervisors, and for the levy of a tax by them to pay the same. Section 80, p. 1222, requires the supervisors to pay the money on the claim, and section 182, p. 1237, provides that if the supervisors neglect to pay action will lie against the town for such neglect. *Held*, that the remedy so provided was exclusive, and hence an action could not be brought to recover a claim against a town before presentation and audit by the board.

Appeal from Trial Term, Jefferson County.

Action by John Goodfriend against the town of Lyme. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Brown, Carlisle & Hugo, for appellant.
J. W. Cornaire, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event. The action was brought to recover compensation for the support of a pauper child, a charge upon the town, under an alleged agreement with the town board. Recovery was sought for the years 1896 to 1900, both inclusive, at $65 per year, less a small amount paid, and the verdict was for $323.75. Claims for some of the time were presented to the town board, and some allowances were made. There was never any review of the action of the board by mandamus or certiorari. The plaintiff claimed, and the court held, that regardless of the action of the board the plaintiff had his remedy by action to recover the sum claimed to be owing him from the town. In this the court erred. This question was directly passed upon by us in Bragg v. Town of Victor, 84 App. Div. 83, 82 N. Y. Supp. 212. The claim there sought to be recovered upon was a town charge, under the provisions of section 180 of the town law (Laws 1890, p. 1237, c. 569), and it was provided by that section that all town charges should be presented to the town board for audit. We held that the remedy so provided was exclusive and an action would not

lie.   The claims here sued upon are also town charges, and the same rule is applicable.   A short quotation from the opinion in that case will indicate the principle laid down there:

"No money could be raised with which to pay the claim except through the proceedings provided by law, the presentation of the claim to the town board, its audit by the board, the certificate thereof to the board of supervisors, the levying of the same as a tax upon the town, collection by the collector, payment to the supervisor of the town, and then payment by him to the plaintiff.   None of these proceedings were taken in this case, and the law is well settled that an action will not lie against the town to recover a claim which is a proper one for audit by the town board.   There is no other way provided by law to raise the money, and the town officials cannot proceed in this way unless the claim is first presented to such board for audit.   If the claimant fails to set these proceedings in motion, he certainly ought not to be permitted to make the town liable for the costs of an action resulting in a judgment, which must then be presented to the town board for audit in order to enable the town to raise the money to pay it.   He may as well present his claim without the costs as to present the judgment including costs.   The remedy suggested is adequate and exclusive.   If the town board refuses to act, it may be compelled by mandamus.   If it acts, and disallows the claim to reduce the amount, it may be reviewed by certiorari.   The policy of the law is very clear," etc.

See, also, Colby v. Town of Day, 75 App. Div. 211, 77 N. Y. Supp. 1022; Holroyd v. Town of Indiana Lake, 85 App. Div. 246, 83 N. Y. Supp. 533.

These cases have arisen under the town law enacted in 1890 (Laws 1890, p. 1211, c. 569).   Prior to the passage of that law it was well settled that the remedy by presentation to and audit by town board was exclusive, and that no action would lie.   People ex rel. Mayor v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739.

We conclude that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.   All concur.