(92 App. Div. 16.)

PEOPLE ex rel. McCABE et al. v. MATTHIES et al., Town Auditors.

(Supreme Court, Appellate Division, Second Department. March 18, 1904.)

1. TOWNS—AUDITORS—AUDITING CLAIM—MANDAMUS.

Town Law, § 162 (Laws 1890, p. 1233, c. 569, as amended by Laws 1897, p. 619, c. 481, provides that the town board shall audit and allow or reject claims against the town, and that, in case of refusal by the board to act, mandamus may compel action. *Held*, that where a town board met, and considered a claim, and rejected it as illegal, the claimant was not entitled to mandamus to compel the board to audit the claim; the proper remedy being certiorari to review its action.

Bartlett, J., dissenting in part.

Appeal from Special Term, Westchester County.

Mandamus by the people, on relation of William F. McCabe and another, to compel Charles A. Matthies and others, as the board of town auditors of the town of White Plains, to audit and allow a claim of relators. From an order granting a peremptory writ, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCH-BERG, JENKS, and HOOKER, JJ.

H. T. Dykman, for appellants.
L. Laflin Kellogg (Alfred C. Pette, on the brief), for respondents.

HOOKER, J. The town of White Plains entered into a contract with the relators for the improvement of certain roads in that town outside the village of White Plains. In doing this work, they used several thousand cubic yards of stone more than they had contemplated would be necessary at the time the contract was made, and for the value of this stone filed a claim with the town board of the town of White Plains, which is by statute the board of town auditors. This body refused to audit the claim, and the relators procured a peremptory writ of mandamus, directing its examination and audit. The appellants, pursuant to the mandate of the writ, met as the town board of the town of White Plains, and the town clerk produced the record touching the matter in controversy, together with the original notice of claim, dated October 1, 1901, verified by the relators, and the terms of the contract between the relators and the town were by the board then discussed. A motion was carried that the board take action, and the record shows that the following proceedings were had:

"Mr. Haley: I move that the claim be rejected on the ground that it is not a legal claim against the town of White Plains, and, if any extra work was done, it is in violation of the express terms of the contract. Seconded by Mr. Matthies. Motion carried. Mr. Haley: I move that, if there is nothing further to come before the board, we adjourn. Seconded by Mr. Matthies. Motion carried."

After this rejection the relators moved for an alias writ of peremp-- tory mandamus, and, this motion coming on to be heard, and affi-davits being presented by the respondents therein which raised issues of fact, the court directed that an alternative writ issue, to which latter a return was made by the board; and the issues thus framed were tried before a jury, which found its verdict for a large sum of money in favor of the relators. Upon this verdict a motion was granted that a peremptory writ of mandamus issue, and later such writ was issued by the court, commanding the respondents, as the board of town auditors of the town of White Plains, to audit and allow to the relators a sum equaling the verdict of the jury for furnishing broken stone, and also directing them to audit and allow to the relators or their attorneys a sum therein stated, as costs, disbursements, and allowance of pro-ceedings, and directing them to make return of the writ pursuant to law. Upon the rendition of the verdict by the jury, the appellants moved for a new trial, and that motion was denied. They have ap-pealed to this court from the order granting the final peremptory writ of mandamus, from the order denying the motion for a new trial, and further gave notice that they would bring up on said appeal for review the order granting the alternative writ of mandamus.

One of the questions presented for our consideration is whether the relators have pursued the proper remedy in their efforts to procure by the town board the allowance of the claim which they allege should be paid by the town. It is urged by the appellants that the relators have mistaken their remedy, and that the only manner in which the action of the town board may be reviewed is by a writ of certiorari. In this view we must concur.

When sitting as auditors of claims presented against the town, the town board acts in a quasi judicial capacity, and is, pursuant to the stat-ute, the only body which may audit certain classes of claims against towns. Section 162 of the town law (Laws 1890, p. 1233, c. 569), as amended by Laws 1897, p. 619, c. 481; Bragg v. Town of Victor, 84 App. Div. 83, 82 N. Y. Supp. 212. The claim of the relators is within those classes, and the town board is the only tribunal to which they may have resort to enforce the claim. The section of the town law, supra, directs the town board to audit and allow or re-ject all claims and demands against the town, and it follows that, "in case of refusal by the board to act, mandamus may compel action." Bragg v. Town of Victor, supra. If it is held that the town board in this case has in fact acted in the premises in the manner contemplated by the statute, or has made a legal audit of the account presented by the relators, the courts are without power by mandamus to correct an alleged erroneous audit, whether such error of the town board may happen to be on account of a total rejection of the claim, based upon a misconception of the legal questions involved, or whether an allowance of the claim may be for an insufficient, or too great an amount. We are of the opinion that, in reason, and under the authorities, it is clear that the town board has actually made a legal audit of the account of the relators, and has exercised true judicial functions in rejecting the demand against the town, which they considered pursuant to the first writ of mandamus granted in favor of the relators. It is to be noted

that the town board met for a consideration of this subject; that it
caused to be brought before it the original claim of the relators, and the
contract under which the relators had performed the work for the town,
and under which the claim for the extra stone was made; that, after
consideration, a motion was put and carried that the board take ac-
tion; and that the rejection was placed distinctly upon the ground that
the town was not under legal liability to the relators. The Court of
Appeals has said that:

"Such board is a statutory tribunal or court to hear and to allow or reject
any claims presented against the town. The examination of the account is the
trial, and its allowance or disallowance is the judgment, of this tribunal."
People ex rel. Myers v. Barnes, 114 N. Y. 317, 323, 20 N. E. 609, 21 N. E. 739.

Applying this test to the facts disclosed by the record here, it must
be plain that the act of the board in meeting was the convening of the
quasi judicial body for the purpose of the trial; that the production of
the contract, claim, and record corresponded to the introduction of the
evidence; and that the consideration which the board appears to have
given to the matter was the argument pro and con upon the questions
involved. After all of these functions had been performed, the body
proceeded to judgment, and based its rejection of the claim upon a
plain, clear ground, which cannot be construed otherwise than to in-
dicate that the town board properly conceived its jurisdictional duty in
the premises. It carried out fully the requirements imposed upon it by
law, and, after a legal consideration of the matter, reached a determina-
tion upon the merits, which was its final judgment.

As to whether or not town boards perform such acts as will be con-
sidered legal audits, in compliance with the statute requiring them to
audit and allow or reject the claims, is properly determined, we think,
by considering whether or not the action is placed upon a decision of
the merits of the controversy. We have recently held this, in effect, in
People ex rel. Rhodes v. Mole, 85 App. Div. 33, 82 N. Y. Supp. 747.
That was an appeal from an order granting a writ of peremptory man-
damus compelling the board of town audit to reaudit the bill of the
relators, and it appeared that the appellants there rejected the claim
on the ground that the relators failed to appear before the board and
offer evidence in support of their claim. This was held to be no audit,
for the decision was not upon the merits.

Mandamus may not be invoked to review a judicial or quasi judicial
decision. People ex rel. Sims v. Collier, 175 N. Y. 196, 67 N. E. 309.
The Court of Appeals, in the Sims Case, speaking by Werner, J., has
quoted with approval the language of Judge Vann in People ex rel.
Harris v. Commissioners, 149 N. Y. 26, 43 N. E. 418, as follows:

" 'The primary object of the writ of mandamus is to compel action. It nei-
ther creates nor confers power to act, but only commands the exercise of
powers already existing, when it is the duty of the person or body proceeded
against to act without its agency. While it may require the performance of a
purely ministerial duty in a particular manner, its command is never given to
compel the discharge of a duty involving the exercise of judgment or discre-
tion in any specified way, for that would substitute the judgment or discre-
tion of the court issuing the writ for that of the person or persons against
whom the writ was issued. In such cases the sole function is to set in mo-
tion, without directing the manner of performance. * * * It is a universal

rule that, in the discharge of all duties involving the exercise of official judgment or discretion, the officer or tribunal must be left free to act, and cannot be controlled in a particular direction. When the law requires a public officer to do a specified act in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion, the duty is ministerial in character, and performance may be compelled by mandamus if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact, or the exercise of judgment whether the act should be done or not, the duty is regarded as judicial, and mandamus will not lie to compel performance. To the same effect are People ex rel. Francis v. Common Council of Troy, 78 N. Y. 33 [34 Am. Rep. 500]; People ex rel. Myers v. Barnes, 114 N. Y. 317 [20 N. E. 609, 21 N. E. 739]; People ex rel. Grannis v. Roberts, 163 N. Y. 70 [57 N. E. 98].'"

These authorities, and the cases cited by Judge Vann, are, we think, controlling upon the facts disclosed by this record. The appellants are charged by law with the duty of passing upon such claims as relators presented against the town. The claim was rejected upon a view of the legal question involved adverse to the relators. Instead of seeking a review of this question by certiorari, the relators applied for a writ of mandamus to compel the appellants to audit the account; and this proceeding has resulted in an assessment by a jury of this court of the amount of the relators' claim, and a peremptory writ of mandamus directing the appellants to audit and allow the claim at that amount. The order directing the final writ of mandamus has had the effect of the exercise by the Supreme Court and its jury of the functions which are by law exclusive in the town board. The jury's liquidation of the claim has been improperly substituted for that which properly belonged to the appellants to make. That the appellants may have misconceived the question of legal liability of the town is no sufficient reason to deprive the town board of the functions of auditing attaching to it by statute. The proper procedure was to have corrected its erroneous conception of the law, if there was error, and remanded the claim for audit after the legal question of liability had been determined.

Other serious questions are presented by the appeal, but, inasmuch as the view of the case which we have expressed disposes of the appeal, we do not consider it necessary to pass upon them.

The order appealed from should be reversed, with costs, and the proceeding dismissed. All concur; BARTLETT, J., in result, in separate opinion.

·WILLARD BARTLETT, J. I have no doubt that the peremptory writ of mandamus under review in this proceeding is wrong, so far as it requires the board of town auditors to allow the relators the specific sum of money therein stated on account of their claim, and the additional specific sum for costs, disbursements, and allowances. The province of determining the amount to be awarded belongs to the board of town auditors, in the first instance, subject to judicial review by writ of certiorari. The precise sum which they shall allow in any given case cannot be fixed in a mandamus proceeding. The extent of the jurisdiction of the court over a board of town auditors by mandamus goes no further than to command action in respect to the amount

to be awarded on account of a legal claim. To this extent I agree with Mr. Justice HOOKER. It does not seem to me, however, that the rejection of the claim here in controversy, on the express ground that it was not a legal claim, was in any sense an audit. It was rather a refusal to audit at all. The board of town auditors thereby threw the claim wholly out of consideration on the ground that it was something with which they had nothing to do; and, under the authorities, I think their action in this respect can be corrected by mandamus, if the claim is legal in its character, no matter how extravagant in amount. This seems to have been the view taken in People v. Supervisors of Delaware Co., 45 N. Y. 200, where Folger, J., says:

"The court has the power to decide whether a rejected claim is a legal claim against the county; and, if it be a legal claim, it may instruct and guide the board of supervisors by mandamus, in the execution of their duty—not to prescribe for them at what amount the claim shall be allowed, unless, indeed, the amount is fixed by law, but to compel them to admit that it is a legal claim, and to exercise their discretion as to the amount."

The last clause quoted is directly applicable to the circumstances of the present case. See, also, People ex rel. Smith v. Trustees, 11 App. Div. 108, 43 N. Y. Supp. 135. It seems to me, therefore, that we should inquire, in the first instance, as to whether the claim of the relators is one enforceable against the town of White Plains for any amount whatever. If we determine that it is not, then we should reverse the order below absolutely. If we determine that it is a legal claim for some amount, then we should modify the order so as to leave untouched that portion which commands the board of town auditors to audit the claim, but strike out those portions which require them to audit it at a particular amount. In other words, we should command them to treat the charge as lawful, but leave them unfettered as to fixing the amount.