## PECK v. TOWN OF CATSKILL.

(Supreme Court. Appellate Division. Third Department. · May 8, 1907.)

TOWNS—CLAIMS—PRESENTATION FOR AUDIT—NECESSITY.

Town Law, Laws 1890, p. 1224, c. 569, § 85, authorizes the clerk of a town, with the consent of the town board, to purchase necessary furniture for the use of his office and the safe-keeping of the books of the town, and the expenses thereof shall be a town charge, to be audited and paid as other town charges. A town clerk, with the consent of the town board, bought a safe at an agreed price. *Held*, that the claim must be audited by the auditors of the town, and the seller cannot maintain an action therefor in the first instance.

Appeal from Special Term, Greene County.

Action by Willard Peck against the town of Catskill. From an interlocutory judgment sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, plaintiff appeals. Affirmed.

The amended complaint, which has been demurred to for insufficiency, alleges that the defendant is a domestic municipal corporation; that the town clerk of the defendant town, with the consent of the town board thereof, purchased of one Spencer an iron safe, of the value and for the agreed price of $700 and the old safe then belonging to the town; that such new safe was delivered to and accepted by said town clerk with the consent of the town board, and has ever since been and now is in the town clerk's office in said town, and in the possession and use of said town clerk; that Spencer assigned his claim against the town therefor to the plaintiff; that the plaintiff presented his claim for payment to the supervisor of the town and demanded payment thereof, which was refused; and that the same has not been paid. The court sustained the demurrer, and the plaintiff appeals.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and SEWELL, JJ.

John Cadman, for appellant.
F. H. Osborn, for respondent.

CHESTER, J. This complaint presents no cause of action against the town, for the simple reason that the statute provides otherwise, and provides the method of procuring pay for furniture purchased for the use of the town clerk. The statute under which this safe was purchased is section 85 of the town law (Laws 1890 p. 1224, c. 569). That section provides that:

"The town clerk of any town may, with the consent of the town board of his town, purchase or furnish for the town clerk's office all necessary bound blank books for the entering and keeping of the records of his town, and also necessary book and office cases, tables and other furniture for the use and convenience of the office and the safe-keeping of the books and papers of the town, and the expenses thereof shall be a town charge, to be audited and paid as other town charges."

No question is raised here by the respondent that the safe was not necessary for the use of the town clerk and the safe-keeping of the books and papers of the town. The claim of the appellant appears to be that because the price of the safe was agreed upon, and because it was purchased with the consent of the town board, the amount of

-the claim is liquidated, and therefore there is no necessity of an audit by the auditors of the town; and some authorities are cited where actions had been permitted directly against a town or county on bonds or other evidences of debts issued pursuant to statute. These cases proceeded upon the theory that, when obligations of that character have been issued pursuant to law, it becomes the duty of the officials of the town or county to provide means for the payment thereof when they become due. But no such reason exists here, and the statute here clearly provides that the expenses of articles purchased by the town clerk with the consent of the town board, pursuant to the section quoted, shall be a town charge, to be audited and paid as other town charges. The statute having provided the method to be pursued in procuring payment for such charges, the plaintiff is not authorized to pursue any other remedy, and the town is only liable in the way and by the method pointed out by the statute, and not by a suit against it in the first instance, which would have the effect, if allowed, to nullify the statute itself and prevent an audit by the town board. Bragg v. Town of Victor, 84 App. Div. 83, 82 N. Y. Supp. 212.

The interlocutory judgment should be affirmed, with costs. All concur.

