(163 App. Div. 66)

**GAFFEY et al. v. TOWN OF NEWFIELD. (No. 147–80.)**

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

1. TOWNS (§ 70*)—CLAIMS—PRESENTATION.

Under Highway Law (Consol. Laws, c. 25) § 106, providing that all moneys raised for the construction or repair of a bridge with a span over five feet shall be paid out by the supervisor upon the written order of the town superintendent after audit by the town board, a contractor who constructed such a bridge cannot, where his contract included not only the contract price but a claim for extra work, maintain an action against the town before his claim has been presented to the town board for audit and allowed.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 115; Dec. Dig. § 70.*]

2. JUDGMENT (§ 197*)—RECITALS—MODIFICATION.

Where an action by a bridge contractor against a municipality was dismissed because the claim was one which should have been first presented and allowed by the town board, it is improper for the judgment to recite that the dismissal was upon the merits, for the claim might on presentation for audit prove meritorious.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 357, 359; Dec. Dig. § 197.*]

Appeal from Trial Term, Tompkins County.

Action by Albert Gaffey and John P. Byrnes against the Town of Newfield. From a judgment dismissing the complaint on the merits, and from an order directing such dismissal, plaintiffs appeal. Order and judgment modified, and, as modified, affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Hitchcock & Murphy, of Syracuse (Charles A. Hitchcock, of Syracuse, of counsel), for appellants.

David M. Dean, of Ithaca, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. JOHN M. KELLOGG, J. The plaintiffs brought this action against the town to recover the contract price for building a bridge, or concrete arch, with a span of more than five feet, over Newfield creek in said town, and to recover for 52 yards of extra concrete work at a price of $10 per cubic yard as fixed by such contract.

The defendant answered, denying some of the allegations of the complaint and alleging that the work was not done according to contract, and alleging as a counterclaim that on account of the improper construction of the bridge it was unsuitable for the purposes contemplated and the defendant had suffered damages thereby. Plaintiff replied to the alleged counterclaim.

Upon the trial the defendant moved to dismiss the complaint upon the ground, among others, that the plaintiffs' only remedy was to present their claim to the town board. The court dismissed the plaintiffs' complaint upon the authority of Colby v. Town of Day, 75 App. Div. 212, 77 N. Y. Supp. 1022.

[1] Section 106 of the Highway Law provides that all moneys raised for the construction or repair of a bridge, with a span of over five feet, shall be paid out by the supervisor upon the written order of the town superintendent after audit of the town board. This case seems to fall within that provision. Colby v. Town of Day, supra; Peck v. Town of Catskill, 119 App. Div. 752, 104 N. Y. Supp. 540; People ex rel. McCabe v. Matthies, 179 N. Y. 242, 72 N. E. 103.

The appellant urges that recoveries have been sustained in actions against towns upon bonds and coupons providing for the payment of a fixed sum, and that such cases permit a recovery here. We need not refer to the cases as the statute cited seems to dispose of the question. The plaintiffs seek to recover the contract price and also for extra work. The claim for the contract price and for the extra work constitute one claim, and the amount to be paid the plaintiffs is not therefore definitely fixed by the contract, but depends upon the amount of extra work and whether the contract was performed. The claim is therefore one which should properly be presented to the town board for audit.

[2] The order and judgment recite that the dismissal is "upon the merits." That recital was unnecessary and improper, as it may in the future be urged that there was no merit to the plaintiffs' claim that it should be paid for constructing the bridge.

The order and judgment are therefore modified by striking therefrom the words "upon the merits," and as modified affirmed, without costs. All concur.