Matthew J. Jaseh, J.
The plaintiff has sued the defendants, individually and as water commissioners, upon a contract entered into by it with the defendant Water Commissioners of Water District No. 8 in the town of West Seneca, New York, whereby it agreed to construct certain water lines for the district for a specified sum. The plaintiff encountered rock in its surface excavations and because of this, the cost of constructing the water lines was increased substantially. The plaintiff claims that the contract between the parties called for a certain additional price to be paid for rock removal, if such was necessary during the construction. This suit involves the additional moneys for the rock removal. Upon the complaint and the affidavit of the town attorney and town clerk of the Town of West Seneca, the defendants have moved to dismiss the complaint pursuant to rule 106 or rule 107 of the Buies of Civil Practice because the court lacks jurisdiction of the subject matter of this action and because the complaint does not state facts sufficient to constitute a cause of action.
Following the completion of its work, the plaintiff submitted two separate vouchers to the Town Board of the Town of West Seneca, one for the contract price and the other for the additional work done because of the rock deposits. The first mentioned voucher was duly audited by the town board and paid to plaintiff. The second voucher was submitted to the town board but neither the complaint nor the affidavits of the plaintiff and defendants show that the voucher submitted by the plaintiff has ever been rejected by the town board.
Before this court can exercise jurisdiction over this matter, it is necessary that the town board audit such claim and reject it. If the town board refuses to do this, the plaintiff may force the town board to audit the claim through the means of an article 78 proceeding. (Bragg v. Town of Victor, 84 App. Div. 83; People ex rel. McCabe v. Snedeker, 106 App. Div. 89, affd. 182 N. Y. 558.) If the board audits and rejects the claim, the remedy of the plaintiff to review the action of the town board is also by an article 78 proceeding. (People ex rel. Myers v. Barnes, 114 N. Y. 317; London Guar. & Acc. Co. v. Savannah, 183 N. Y. S. 337; People ex rel. McCabe v. Matthies, 179 N. Y. 242.)
The motion of the defendants to dismiss the first two causes of action in the complaint is granted.
The motion to dismiss the third cause of action which is a suit ag’ainst the defendants as individuals is also granted, since there can be no liability upon the defendants as individuals, at least until the claim has been audited and rejected by the town board.