(17 App. Div. 249.)

BOARD OF HEALTH OF VILLAGE OF GREEN ISLAND v. MAGILL.

(Supreme Court, Appellate Division, Third Department. May 25, 1897.)

BOARDS OF HEALTH—POWERS—RIGHT TO SUE.

    Laws 1893, c. 661, repealed previous statutes which expressly authorized boards of health to sue in their own names to enforce their orders and regulations, and provided (section 21) that actions for penalties imposed by a board should "be sued for and recovered by it in the name and for the benefit of the municipality." Section 21 was amended in 1895 (chapter 203) by adding to it, immediately after the clause above quoted, the words, "and to maintain actions in any court of competent jurisdiction to restrain by injunction such violations, or otherwise to enforce such orders and regulations." *Held*, that it was the intent of the act of 1893 to require all actions by a board of health to be brought in the name of the municipality, and this intent was not affected by the amendment of 1895, which merely authorized additional actions to enforce health regulations, and therefore a board of health cannot sue in its own name to abate a nuisance.

Appeal from special term, Albany county.

Action by the board of health of the village of Green Island against Zeph Magill to abate an alleged nuisance on Center Island, in the Hudson river, between Troy and Green Island, in violation of an order served on him by plaintiff board of health. Defendant demurred to the complaint on the ground that plaintiff had not legal capacity to sue. From an interlocutory judgment overruling the demurrer, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

William J. Roche, for appellant.

William F. Hickey, for respondent.

MERWIN, J. The plaintiff claims that the defendant is maintaining a nuisance within the limits of the village of Green Island, and this action is brought for its abatement, and the enforcement of the orders and regulations of the plaintiff in regard to it. The allegation of the complaint is that the plaintiff has all the powers and franchises conferred upon local boards of health by the laws of the state of New York. The question upon this appeal is whether the plaintiff, in its own name, has a right to maintain this action. That depends upon the construction to be given to the following clause of section 21 of the public health law (chapter 661, Laws 1893), as amended by chapter 203 of the Laws of 1895:

"Every such local board may prescribe and impose penalties for the violation of or failure to comply with any of its orders or regulations not exceeding one hundred dollars for a single violation or failure, to be sued for and recovered by it in the name and for the benefit of the municipality; and to maintain actions in any court of competent jurisdiction to restrain by injunction such violations, or otherwise to enforce such orders and regulations."

Prior to the passage of the act of 1893, and under the provisions of chapter 270 of the Laws of 1885, which was repealed by the act of 1893, local boards of health had power "to impose penalties for the violation of, or non-compliance with, their orders and regulations, and to maintain actions in any court of competent jurisdiction to collect such penalties, not exceeding one hundred dollars in any one case,

or to restrain by injunction such violations, or otherwise to enforce such orders and regulations." Act 1885, subd. 9, § 3. Under a similar provision in chapter 324 of the Laws of 1850, as amended by chapter 351 of the Laws of 1882, it was in effect held in Gould v. City of Rochester, 105 N. Y. 46, 12 N. E. 275, that a local board of health had a right to maintain in its own name an action like the present. The claim of the defendant is that under the public health law, as it now stands, no such power exists, but that an action like the present should be brought in the name of the municipality. The power of the plaintiff to maintain the action, if it exists, must be found in the statute. Gould's Case, page 50, 105 N. Y., and page 276, 12 N. E.; People v. Board of Sup'rs of Monroe Co., 18 Barb. 567. The general rule is that, where a power is given by statute, everything necessary to make it effectual, or requisite to attain its end, is implied. 1 Kent, Comm. 464. Under this, the plaintiff claims that the general power given to the board of health to maintain actions of this kind gives to it the right to maintain such actions in its own name. On the other hand, the defendant claims that, although under the act of 1885 such might be the case, still under the present law an intent is manifested that all such actions should be in the name of the municipality. In the present act it is to be observed that actions for penalties imposed by the board for the violation of its orders or regulations are directed to be brought in the name of the municipality. There was no such provision in the former act. In section 26 of the present act it is provided that actions to recover the expense of the removal of nuisances may be brought by the board in the name of the municipality. In the former act (section 4, Laws 1885) it is provided that such actions may be brought by the board "in the name of such board." In the act of 1893, as originally passed, the clause or power in question was as follows:

"Every such local board may prescribe and impose penalties for the violation of or failure to comply with any of its orders or regulations not exceeding one hundred dollars for a single violation or failure, to be sued for and recovered by it in the name and for the benefit of the municipality."

This so remained until the amendment of 1895 placed it in its present form. So that apparently all actions authorized to be brought by the board by the act of 1893 were directed to be brought in the name of the municipality. This was a change from the former practice. The amendment in 1895 added a further remedy for the enforcement of the orders and regulations of the board, and there is no reason for one remedy being in the name of the municipality and the other in the name of the board. Both remedies were, in different ways, for the benefit of the municipality. The expenses of the litigation, in either aspect, incurred by the board in the performance of its duties, were a charge upon the municipality. Section 30. It is not necessary, in order to make effectual the power given by the amendment, to infer or imply the right to sue in the name of the board. A suit in the name of the municipality would be just as effectual. The ordinary rule is that an action should be brought in the name of the party in interest, which in this case is the municipality. An intention to depart from that rule should be made rea-

sonably clear.   The policy of the act of 1893 evidently was that all actions should be prosecuted in the name of the municipality, and in the amendment of 1895 there is no apparent intent or reason for a change.   Its full object and purpose can be accomplished without such change.   The form of the amendment is such that it can be construed to mean that the additional actions authorized to be brought for the same purpose as those already authorized shall be brought in the same manner in the name of the municipality.   That construction should, we think, prevail.   It follows that the demurrer was well taken.   All concur.

Interlocutory judgment reversed, with costs, and judgment on the demurrer ordered for the defendant, with costs.