(50 App. Div. 502.)

## KENT v. VILLAGE OF NORTH TARRYTOWN.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. BOARD OF HEALTH—OFFICERS—SERVICES—PLEADING—COMPLAINT.
   An allegation in a complaint, to recover for services rendered the board of health of a town, that such board employed plaintiff to carry into effect its orders, when followed by averments as to what plaintiff did in connection with such employment, is not objectionable, as being a statement of a conclusion, and not of a fact.

2. SAME—POWERS—CONSTRUCTION OF STATUTE.
   Under Laws 1893, c. 661, § 21, authorizing local boards of health to carry into effect and execute the public health law in cities, to suppress nuisances, and to employ persons to carry into effect their orders and regulations, a local board of health has authority to employ one to inspect and examine premises of which complaint has been made, and to make report thereof to the board; and a complaint alleging the performance of such services at the request of the board is sufficient to entitle plaintiff to maintain an action for compensation therefor against the municipality.

3. SAME—AUDIT OF ACCOUNT.
   While a local board of health has no authority to audit a bill of an aggregate amount for services rendered the board in executing its orders, a complaint in an action to recover for such services is not insufficient because of the allegation that the board fixed plaintiff's compensation in an aggre-

gate sum named, where it further alleges the performance of services for which the municipality is liable, the presentation of the plaintiff's bill to the trustees for audit, and their refusal to audit, and the rejection of the account.

4. SAME—SERVICES RENDERED AT REQUEST OF PRESIDENT OF BOARD OF TRUS-
TEES.
    A town is liable for services rendered at the request of the president of the board of trustees, for which the town subsequently agreed to pay a sum named.

Appeal from special term, Orange county.

Action for services by Edward Henry Kent against the village of North Tarrytown. From an interlocutory judgment sustaining demurrer to defendant's answer (56 N. Y. Supp. 885), it appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Henry C. Griffin, for appellant.

C. S. Davison, for respondent.

HATCH, J. So far as the plaintiff's demurrer to the separate answers of the defendant is concerned, the opinion which was delivered by the learned court below is entirely satisfactory upon such question. We adopt it as the opinion of this court in answer to the claim in this respect made by the defendant. The defendant upon this appeal, however, attacks the complaint, and claims that it is bad, in that it does not state a cause of action. The right to attack the complaint for insufficiency is clearly given. Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816. The learned court below, in disposing of the demurrer, did not consider the question of the sufficiency of the complaint, and we are therefore called upon to make disposition of that branch of the controversy.

In substance, the complaint avers that the defendant is an incorporated village; that during the month of March, 1896, a local board of health was duly appointed as provided by the law of 1893 known as the "Public Health Law"; that such local board of health duly elected one of its number president, and appointed a health physician; that such local board of health employed the plaintiff to carry into effect its orders and regulations, and having received numerous complaints made by the inhabitants of the defendant, concerning nuisances which caused danger and injury to life and health within the municipality, employed and designated the plaintiff to inspect and examine premises where nuisances or conditions dangerous to life and health were known or believed to exist; that under such employment the plaintiff performed work, labor, and services (giving the dates) concerning nuisances within such village, and made a sanitary map, surveys, and field books, which located and described the nuisances and causes of danger; that by reason of the premises, and in consideration of the said work, labor, and services, the said local board of health fixed the plaintiff's compensation at the sum of $250; that a copy or account of the bill, together with the particulars of the labor and services, was thereafter presented to the board of trustees of the defendant for audit; that on or about

the 27th day of December, 1897, audit and allowance were refused by the said board, and the claim rejected; that more than 30 days have elapsed since such rejection; that thereafter the defendant appointed a committee to procure the said maps, surveys, drawings, and field books relating to such service as set forth in the bill presented, and the plaintiff and defendant thereupon effected a settlement and compromise of the matters of difference and dispute between them; that the defendant on the 18th day of April, 1898, passed a resolution accepting said surveys, maps, and so forth, for which it was to pay the sum of $250 upon the execution by the plaintiff of a general release of such claim, and of the matters in difference between them; that the plaintiff was advised of the passage of such resolution by the defendant, and surrendered the surveys, drawings, and field books, offered to withdraw all suits and claims and demands, and to execute a general release in such form as the defendant might require to effect a settlement pursuant thereto; that the defendant refused to consummate or carry out its agreement of settlement, or to pay the said sum of $250; and that the defendant is indebted to the plaintiff in such sum. As a second and separate cause of action, the plaintiff avers that Howard H. Morse, president of the defendant's board of trustees, was authorized by the board to resist an application made by certain named parties to obtain a grant of land under the waters of the Hudson river, within the corporate limits of the defendant; that plaintiff was employed in connection therewith by the said Morse to make a map of the river front of the defendant in the matter of said application, showing how it would be affected if the grant of land was made; that plaintiff accepted and performed said services in connection therewith, which were of the reasonable value of $50, for which the defendant promised and agreed to pay; that a copy of the account or bill of particulars of such work, labor, and services was made out and presented for audit to the board of trustees of the defendant on or about the 27th day of December, 1897; that audit thereof was refused by the said board, and the claim was rejected; and that the defendant has failed and neglected to pay such sum. Judgment was demanded for the sum of $300, with interest thereon at the respective dates named.

It is claimed by the defendant that the averment that plaintiff was employed by the local board of health to carry into effect its orders and regulations is the statement of a mere conclusion, and not of a fact. Assuming that statement "that such local board of health employed plaintiff to carry into effect its orders" is the statement of a mere conclusion, which, standing alone, would be quite insufficient as an allegation of fact, it is, however, followed by an averment as to what the plaintiff did in connection with such employment; and the averments in this respect are allegations of fact, and are not subjects of criticism. By virtue of section 21 of the public health law (chapter 661 of the Laws of 1893), the board of health is authorized to make and publish orders and regulations for the suppression of nuisances. It is also authorized to carry into effect and execute the public health law in the municipality, and to suppress nuisances. To carry into effect the orders and regulations which it

may make, the said board is authorized to employ such persons as shall be necessary for the purpose, and to fix their compensation. The criticism is that it nowhere appears that any legal regulation or order was made by the board of health, that without such preliminary step it was not authorized to employ any person, and that the complaint should have contained an averment of the regulations and orders as made by the board of health before any legal employment would be shown. We think this construction of the powers and duties of the board of health is much too narrow, within the scheme of the health law. It is required to execute the laws, suppress nuisances, and to make rules and regulations in connection therewith; but it is quite evident that, in order to properly discharge its duties in this connection, an examination and determination of the specific conditions must be made, before it would be established that a nuisance in fact existed. The mere complaint of a nuisance would not have the effect of determining that a nuisance existed. Neither would a declaration of the board of health establish a given condition to be a nuisance, when in fact it was not so. Village of Flushing v. Carraher, 87 Hun, 63, 33 N. Y. Supp. 951. If the thing declared a nuisance was not such in fact, no complaint or declaration of the board would make it so. It is evident that, before a nuisance could be declared, the board must at least be possessed of such information as would enable it to determine that the thing was in fact a nuisance, and so declare it to be. Then would follow the rules and regulations for its suppression. In the execution of the statute, therefore, we think it would be quite within the powers of the board to make employment of persons when necessary to inspect, report, and describe a given situation, in order that the board of health might intelligently act thereon, and that the language of the statute, that it could employ persons to carry into effect its rules and regulations, is not necessarily limited to the right to employ after the nuisance has been declared, but that it is broad enough in its scope, when taken in connection with the purposes and objects of the law, to authorize the employment of necessary persons in connection with the whole subject-matter, as well as the duties which they are obligated to perform. Construed in this light, the averment of fact in the first cause of action shows that the employment and the acts performed were of a character, within the contemplation of the statute, the performance of which was devolved upon the board of health. We conclude, therefore, that this averment of the complaint, taken in its entirety, is an allegation of the fact of employment and the performance of service, within the power of the board of health to engage. By the express provision of the statute, the board was authorized to fix the compensation of the plaintiff. We do not think, however, that this has reference to the audit of a bill of an aggregate amount for services extending over a considerable period of time, but that it rather refers to a contemplated hiring for a specific period, and relates to the fixing of a per diem or other compensation, measured by the length of service and its character. It is quite clear that in any event the board of health was not the auditing body, but the value of the service became a charge against the corporation,

and as such was to be audited by the board of trustees of the town before it would constitute a legal charge. This is the express provision of section 30 of the public health law, and the proposition that it is properly applicable to such a case as this has the support of authority. People v. Board of Trustees of Village of Penn Yan, 2 App. Div. 29, 37 N. Y. Supp. 535, affirmed on appeal in 153 N. Y. 643, 47 N. E. 1110. The complaint, however, is not bad by reason of this averment. Other allegations therein show the proper presentation of this bill to the board of trustees of the corporation, and its entire rejection by the board, more than 30 days before the commencement of the action. The subsequent averments of the complaint may be treated as surplusage. They were proper allegations, perhaps, as setting out the facts in connection with the subsequent action of the board of trustees, but no liability is created by reason of any acts which the board afterwards took, either of commission or omission. As, however, the complaint sufficiently averred the rendition of service for which the corporation is liable, the presentation of the bill to the board for audit, refusal to audit and rejection by it, and the lapse of more than 30 days after such action, constituted a good pleading and alleged a cause of action, and, if the services were of the value stated, entitled the plaintiff to recover. Port Jervis Waterworks Co. v. Village of Port Jervis, 151 N. Y. 111, 45 N. E. 388. The distinction between the cases and principles relied upon by the appellant in connection with this matter is set forth in the opinion in the case last cited, and authorizes the maintenance of this action.

So far as the second cause of action is concerned, the criticism is that the employment was not shown to have been by the defendant, but by the president of its board of trustees. We think such criticism may not be upheld. The interest of the defendant in the subject-matter is clearly averred, and the services which were performed are shown to have been for the interest of the corporation; further, that on account of the rendition of the service the defendant agreed to pay therefor the sum of $50. It was perfectly competent for the corporation to ratify the act of the president and board of trustees in employing the plaintiff, and as the corporation accepted the services, and promised and agreed to pay therefor, it became bound. Kramrath v. City of Albany, 127 N. Y. 575, 28 N. E. 400. We reach the conclusion that the complaint is good in its statement of causes of action, and that the demurrer to the answers and separate defenses interposed by the defendant was properly sustained. The interlocutory judgment should therefore be affirmed.

Interlocutory judgment affirmed, with costs. All concur.