(73 App. Div. 549.)

### GRIFFITH v. CITY OF NEW YORK

(Supreme Court, Appellate Division, Second Department. June 13, 1902.)

MUNICIPAL CORPORATIONS—DEBTS—CHARTER—AMENDMENT BY GENERAL LAW— BOARD OF HEALTH—EXPENSES.

 Prior to the date when, by the charter of Greater New York, that city became responsible for the legal obligations of the village of Port Richmond, plaintiff was employed by the board of health of that village as clerk, though the village had expended all the money in the hands of its treasurer on account of such board. The village charter (Laws 1866, c. 792, § 17) provided that no debt or liability could be incurred, except for the ordinary expenses of the village, within the income of the current year applicable to that purpose. Laws 1893, c. 661, § 30, provided that all expenses incurred by any local board of health in the performance of duties should be a charge on the municipality, etc. *Held*, that section 30 must be deemed an amendment to the village charter, and that plaintiff's salary should be paid by the city.

Appeal from trial term, Richmond county.

Action by Charles E. Griffith against the city of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James McKeen, for appellant.

James Burke, Jr., for respondent.

GOODRICH, P. J. In this action, tried before the court without a jury, the following facts were found: The defendant, by Greater New York Charter, which took effect January 1, 1898, has become liable for the legal obligations of the village of Port Richmond. Between September 1 and December 30, 1897, one Humphreys was employed by the board of health of said village as clerk to the board at a salary of $75 per month, and the board of trustees, on December 30th and 31st, audited and allowed the claim, and issued and delivered to Humphreys warrants directing the treasurer of the village to pay him $300 out of moneys in his hands, on account of the board of health. Such warrants were indorsed and

delivered to the plaintiff, who, in March, 1898, filed his claim on said warrants with the deputy auditor of the city of New York for the borough of Richmond; and such claim has not been paid.   Prior to September 1, 1897, the village had expended on account of the board of health $1,141.55 for the year 1896, and $1,226.91 for the year 1897, leaving no money in the hands of the treasurer on account of the board of health.

The court found as conclusions of law that the public health law (chapter 661, Laws 1893, as amended) supersedes the village charter, and that the fact that the amount expended by the village on account of the board of health prior to the rendering of services by Humphreys exceeded the amount permitted by the charter of the village was not a defense to the action.   Judgment having been directed and entered for the plaintiff, the city appeals.

The question involved is whether section 30 of the public health law repealed section 17 of the village charter.  Section 17 of the village charter reads as follows:

"Sec. 17. Money cannot be borrowed on the credit of, nor can any debt be created in behalf of the village, payable at a future time, nor can any debt or liability be incurred by the village, except for the ordinary expenses of the village, within the income of the current year applicable to that purpose, nor can any money or property of the village be appropriated or applied for any purpose except as authorized by this act, except that when the raising of money for a special purpose shall be ordered, as provided in this act, the amount may be borrowed or a liability by contract for the special purpose may be incurred, not exceeding the expense ordered, until the amount can be raised by tax as before provided."   Laws 1866, c. 792.

Section 30 of the public health law reads thus:

"Sec. 30. All expenses incurred by any local board of health in the performance of the duties imposed upon it or its members by law shall be a charge upon the municipality, and shall be audited, levied, collected and paid in the same manner as the other charges of, or upon, the municipality are audited, levied, collected and paid. The taxable property of any village maintaining its own board of health shall not be subject to taxation for maintaining any town board of health, or for any expenditure authorized by the town board of health, but the costs and expenditures of the town board shall be assessed and collected exclusively on the property of the town outside of any such village."

In Kent v. Village of North Tarrytown, 50 App. Div. 502, 64 N. Y. Supp. 178, we affirmed an interlocutory judgment of the special term (Mr. Justice Hirschberg presiding), overruling a demurrer which raised the question whether the complaint stated a cause of action.   56 N. Y. Supp. 885.   Mr. Justice Hatch wrote the opinion for this court, which adopted the opinion of the special term.   That opinion cited the case of In re Taxpayers and Freeholders of Village of Plattsburgh, 157 N. Y. 78, 51 N. E. 512.   Both cases involved the question whether the public health law repealed sections of village charters analogous to that here presented; and it was held that the provisions of the public health law must be regarded as in the nature of an amendment, or at least a part of all municipal charters, and that it becomes the duty of the municipal authorities to comply with the orders of the local board of

health whether there is any provision to that effect in the charter or not. The services of Humphreys were rendered in pursuance of the order of the local board of health, and the claim has been audited and allowed by the village board of trustees.

Following the authorities cited, we hold that the judgment must be affirmed, with costs. All concur.