THE PEOPLE OF THE STATE OF NEW YORK ex rel. GARRA K. LESTER, Relator, *v.* JOSEPH H. ENO and Others, Constituting the TOWN BOARD OF THE TOWN OF HAMBURG, ERIE COUNTY, NEW YORK, Respondents.

*Town board of health — its duty to furnish care to persons afflicted with smallpox — the expense of a physician's services is a town charge.*

It is the undoubted duty of a town board of health, when smallpox develops within its jurisdiction, to take immediate and efficient steps, not only to furnish care and attendance to persons afflicted with the disease, but to protect, as far as possible, the residents of the town from the danger to which they are exposed by reason of its contagious and malignant character. To this end it is authorized to incur any reasonable expense and the expense thus incurred becomes a charge upon the town.

Where the health officer of a town, acting under the authority of the town board of health, orally employs a physician to treat and care for all patients in the town who were then, or might thereafter be, afflicted with the smallpox, assuring the physician that he would be well paid for his services, the town is liable to the physician for the reasonable value of the services rendered by him pursuant to the employment.

CERTIORARI issued out of the Supreme Court and attested on the 5th day of December, 1902, directed to Joseph H. Eno and others,

constituting the town board of the town of Hamburg, Erie county, New York, requiring them to certify and return to the office of the clerk of the county of Erie all and singular their proceedings had in refusing to pay the relator's claim for professional services as a physician.

*Levant D. Lester*, for the relator.

*Charles Diebold, Jr.*, for the respondents.

ADAMS, P. J.:

The relator, who, on the 29th day of April, 1902, was a practicing physician in the town of Hamburg, in the county of Erie, discovered the fact that two of his patients had developed the disease of smallpox, which fact he on the day above named reported to Dr. Bentley S. Bourne, the health physician of the town.

A meeting of the board of health was thereupon called for the day following, at which meeting the health physician reported the existence of these cases of smallpox; expressed his opinion as to the source of communication, and recommended that a strong quarantine be established to prevent the spread of the disease.

The relator in his petition states that at the time he notified the health officer of the existence of the disease he stated to him that it was his desire to turn his patients over to him for further care and treatment, as he did not wish to jeopardize his professional practice by longer attendance upon them, and that he was requested by such health officer to remain in attendance upon his patients until a special meeting of the board of health could be called for consideration of the matter; that a meeting of the board of health was held on the thirtieth day of April, following, at which the health officer and one Salisbury, a member of the board, were authorized to do and perform all things which might be necessary for the purpose of checking the disease, and that thereupon the health officer informed the relator of the action of the meeting and stated that he desired him to remain in charge of and to treat and care for all the patients who then had or might thereafter be afflicted with the disease, and at the same time assured him that he would be well paid for his services; that in pursuance of such request and assurance the relator did continue to treat and care for the patients afflicted with

the disease and others who subsequently developed the same until the seventh day of May following, when, in order, as he says, that he might have some definite understanding as to his compensation, he sent a letter to the health board informing it that he would be unable to longer continue his services in connection with the smallpox patients without receiving as his compensation therefor the sum of ten dollars per day; that on the ninth day of May the town board of health met and passed a resolution employing the relator at the rate named in his letter.

It also appears without contradiction that from the twenty-ninth day of April to the ninth day of May, inclusive, the relator attended daily at least one smallpox patient and that he was the only physician in the town who rendered any medical care and treatment to patients afflicted with this disease while they were in the care of the town. It also appears and is not disputed that he continued to render such services until and including the twenty-eighth day of May, when apparently the disease had become so far checked that there was no further occasion for his services.

On the nineteenth day of June, following, the relator filed in the town clerk's office of the town of Hamburg a verified and itemized claim for his professional services from the twenty-ninth day of April to the twenty-eighth day of May, inclusive, at the rate of ten dollars per day, and also for an additional sum of eighteen dollars and ninety-five cents for vaccinating thirteen persons and fumigating several houses which had been occupied by persons afflicted with the disease. On the seventh day of August following the town board acted upon this claim allowing the same for services rendered from the ninth to the twenty-eighth day of May, inclusive, and also the charges for vaccination and fumigation, but disallowing each and every charge for services rendered prior to the ninth day of May. This portion of the relator's account was rejected upon the sole ground that the relator had no legal claim against the town therefor by reason of the fact that there was no employment of him by the town prior to the date last named.

We think, in view of all the circumstances brought to our notice by the record in this proceeding, that this contention on the part of the respondents cannot be sustained. The board of health of the town of Hamburg is a local agency, created by statute (Laws of

1893, chap. 661, § 20 *et seq.*, as amd.) for the express purpose of preserving the health of the residents of that town (*Malloy* v. *Board of Health*, 60 Hun, 422) ; and it was its undoubted duty when so virulent and dangerous a disease as smallpox developed within the limits of its jurisdiction to take immediate and efficient steps not only to furnish care and attendance to persons afflicted with the disease, but to protect as far as possible the residents of the town from the danger to which they were exposed by reason of its contagious and malignant character.      To this end it was authorized to incur any reasonable expense and the expense thus incurred by express direction of the statute became a charge upon the town which was to be audited, levied, collected and paid in the same manner as other legal charges are audited, levied, collected and paid. (Public Health Law [Laws of 1893, chap. 661], § 30.)

It is clear, therefore, that if this relator was employed by the health board or by any other duly authorized party acting in its behalf, he should be allowed a reasonable sum for the services rendered by him in virtue of such employment. He alleges in his petition that he was thus employed on the twenty-ninth day of April by the health officer of the town, and in this he is corroborated by Mr. Salisbury, one of the members of the board of health, who states unqualifiedly that the health officer was authorized by the board to employ the relator, and that he did employ him and gave him the assurance that he would be well paid for his services. There is also further corroboration of this allegation in the affidavit of Mr. Henry J. Danser, who says that the health physician stated to the relator in his presence that the town board of health had authorized the relator to treat and care for all patients who then had or might thereafter be afflicted with the smallpox, and would pay the reasonable value of relator's services for such care and treatment. While the return of a majority of the town board to the relator's petition in form denies many of the allegations thereof, we are impressed with the idea that such denial is merely formal and designed mainly for the purpose of raising an issue. At all events its probative force is not such as to fairly meet and overcome the specific allegations of the petition and the affidavit accompanying the same, reinforced as they are by the return of the respondent Salisbury ; and inasmuch as it is practically conceded that the rela-

tor's charge for his services is, under all the circumstances, a reasonable one, we think the same should be allowed for the full amount thereof.

It follows that the respondents were not justified in rejecting the same, and that the determination of the town board of the town of Hamburg should be annulled, with fifty dollars costs and disbursements to the relator.

All concurred.

Determination of town board annulled, with fifty dollars costs and disbursements to the relator.