PIERRE REYNOLDS, Respondent, *v.* THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF OSSINING, Appellants.

*Local board of health — limitations upon its power to appoint an attorney — duty of the corporation counsel to represent it.*

Section 21 of the Public Health Law, which provides that a local board of health "may employ such persons as shall be necessary to enable it to carry into effect its orders and regulations," does not authorize a village board of health to employ regularly an attorney and counselor.

*Semble*, that while such section may authorize the employment by such board of health of an attorney and counselor to perform some peculiar special service fairly within the provisions of the section, the statute contemplates that the board of health shall be represented, in the greater part of its legal matters, by the corporation counsel.

APPEAL by the defendants, The President and Trustees of the Village of Ossining, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 23d day of November, 1903, upon the verdict of a jury rendered by direction of the court.

*Samuel Watson,* for the appellants.

*Pierre Reynolds,* respondent, in person.

JENKS, J.:

This action is proper. (*Port Jervis Water Co.* v. *Village of Port Jervis,* 151 N. Y. 111.)

I cannot find in the Public Health Law (Laws of 1893, chap. 661, as amd.) express authority for the employment of attorneys by the local boards of health. The authorities cited by the learned counsel for the respondent do not sustain his contention. Thus, in *Kent* v. *Village of North Tarrytown* (50 App. Div. 502) the plaintiff rendered services concerning nuisances, and made a map of certain lands under water, and the court held that such information was necessary to the determination of whether there was a nuisance, that the services were within the contemplation of the statute and laid stress upon that provision of section 21 which I shall hereafter notice. In *People ex rel. Lester* v. *Eno* (84 App. Div. 55) the services rendered were by a physician employed by the board in a town threatened by smallpox. *Griffith* v. *City of New York* (73 App. Div. 549) involved clerical services to the board of health. In these cases the services were strictly within the duties cast upon the boards of health, and the said provision of section 21 was comprehensive enough to warrant the employment. We are also cited to Boyce's Health Officers' Manual (p. 222), in which it is stated that this provision authorizes the employment of counsel, but no authorities are given. This provision of section 21,* referring to the local board of health, is: "It may employ such persons as shall

---

* As amd. by Laws of 1895, chap. 203, and Laws of 1903, chap. 383.—[REP.

be necessary to enable it to carry into effect its orders and regulations." The complaint alleges work, labor and services in trying lawsuits for and on the part of said board, in giving counsel and advice and in drawing resolutions to aid and assist them in carrying out the work of said board. The plaintiff testifies that he did all work that he was directed to do by the board of health, attended meetings, gave advice, tried lawsuits instituted by the board of health for violations of ordinances of the board — criminal actions — that he appeared for the board when parties were cited to show cause why they did not carry out the orders issued by the board, drew resolutions, and in one matter, where the board had examined a building, drafted the resolutions and examined the law, examined the law as to the appointment and legality of the board, and attended court to find out and to inform the board " just what position they occupied and what the result of" a pending trial would be. He also tried a case in the Police Court in which the board of health was a party. The fact that the plaintiff had been elected by the board as counsel, together with the nature of these services, makes it clear that they were rendered on the theory that the board had power to employ regularly an attorney and counsel. The authority must be found in the statute. *First*, then, is the specific provision of section 21, " It may employ such persons as shall be necessary to enable it to carry into effect its orders and regulations," warrant for such employment? It is not necessarily so, for the reason that the duties devolved upon the board are such as may properly require the employment of others than an attorney. The cases cited *supra* are instances thereof, and a reading of the law indicates that there are many duties which may require similar services. An instance may be cited to show that the statute itself contemplates such need. Section 26 (as amd. by Laws of 1903, chap. 383) authorizes such boards or their servants or employees to enter upon premises to suppress or remove a nuisance or other matter. I cannot but think that if the Legislature had intended that the board might regularly employ counsel, it would have expressly so provided, as it did provide for a health officer (§ 20, as amd. by Laws of 1902, chap. 339, and Laws of 1903, chap. 383), and for health and registering officers of the district (§ 29\*), especially in view of the fact that it made pro-

---

\* As amd. by Laws of 1897, chap. 169, and Laws of 1903, chap. 383.— [REP.

vision for the institution of legal actions. (§§ 21, 26, as amd. *supra.*)  Conceding that there might be instances where the services of one who was an attorney were in some special case required to enable it to carry out its orders and regulations, I am quite clear that the scheme of the statute does not contemplate either the appointment of a counsel or the employment of an attorney in the great bulk of the business shown by the record.  I think that *Board of Health* v. *Magill* (17 App. Div. 249), which holds that the Public Health Law requires that the actions authorized shall be brought in the name of the village, is well decided.  If this be correct, I cannot see why the attorney and counsel for this village, which the trustees were authorized to appoint (Laws of 1896, chap. 83, § 33, subd. 21), and who was in office during this period, was not the proper attorney in such proceedings.  This board of health was a local agency of the police power of the State, constituted by statute.  (*People ex rel. Lester* v. *Eno, supra,* and authorities cited.)  But the Legislature has not thereby set up an *imperium in imperio.*  In *Matter of Taxpayers of Plattsburgh* (157 N. Y. 78) the court held that a provision of the Public Health Law as to the expenses (§ 30) must be regarded as in the nature of an amendment, or at least a part, of all municipal charters, and further pointed out that in certain cases the village must co-operate with the board in complying with its orders.  The court further say that the Public Health Law of the State does not abrogate methods of procedure required by village charters.  Further, section 21 of the law (as amd. *supra*) authorizes the board to issue warrants to the peace officers of the municipality.  And the cost of maintenance of such board is directly cast upon the village which does not raise and intrust a fund to the administration of its board of health.  (§ 30.)  These provisions and the authority cited are strong indications that the Legislature set up these local boards in the exercise of the police power, contemplating that they would be articulated with the local government and not separate corporations, coincidentally existing in the same territory as does the village government but wholly distinct and separate therefrom.

If actions for penalties must be brought in the name of the village, if the recoveries must be paid to the village, if all the expenses of the board of health (and consequently all legal expenses) are a charge

direct upon the village, and the village has a standing corporation attorney provided for by the municipal charter, no good reason appears, when the statute is silent, why the board of health should appoint or employ its own attorney in all legal matters, at an additional expense to the municipality, and the logic of circumstances makes against such a scheme. On the evidence it is clear that the bulk of the services rendered were such as could and should have been rendered by the corporation attorney in his legal capacity.

The evidence is meager as to certain services which may possibly have been required in some peculiar and special instances " to carry into effect" the " orders and regulations " of the board. And it is too meager either to modify the judgment and affirm it as to such services, or to hold absolutely that such services might not have been thus required. If they proved to be such, however, as a corporation counsel of the village could as a lawyer have rendered, then there can be no recovery. The plaintiff then cannot recover for such services, or for services in prosecution upon ordinances, or for services as counsel to the board, or for services in attending at court to advise as to the legal status of the board, or the outcome of a lawsuit. I only advise a new trial for the reason that there may have been some peculiar special service fairly within the provisions of section 21, *ut supra*, which may have been exceptional and without the general rule which I have sought to indicate.

BARTLETT, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Judgment reversed and new trial granted, costs to abide the event.