there is less danger of being overrefined in adhering to the rule than in attempting to create exceptions to it.

The judgment and order should be affirmed, with costs. All concur.

---

(117 App. Div. 841)

## VILLAGE OF WHITE PLAINS v. TARRYTOWN, W. P. & M. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

1. HEALTH—NUISANCE—PUBLIC NUISANCE—ACTION TO ABATE—PARTIES.

Public Health Law, Laws 1893, c. 661, p. 1502, § 21, empowers local boards of health to make orders for the suppression of particular nuisances and to maintain suits in the name of the municipality to restrain violations of such orders. *Held* that, where a board of health of a village had made an order declaring a nuisance, a suit to abate the nuisance was properly brought in the name of the village, instead of the board of health.

2. SAME—COMPLAINT—SUFFICIENCY.

A complaint in an action by a village, alleging that the board of health had declared the vibrations of defendant's dynamos to be a nuisance and ordered it abated, and that a copy of the order had been served on defendant, but containing no allegation as to any noise or jar, and alleging no facts showing a nuisance, was insufficient, as the order of the board of health was not an adjudication.

Appeal from Special Term, Kings County.

Action by the village of White Plains against the Tarrytown, White Plains & Mamaroneck Railway Company. From an order overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, with leave to plaintiff to plead over.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

A. N. Johnson (Frank H. Richmond, on the brief), for appellant.
Henry R. Barrett, for respondent.

GAYNOR, J. This suit is properly brought in the name of the village instead of in that of the board of health (Board of Health v. Magill, 17 App. Div. 249, 45 N. Y. Supp. 710); but the complaint does not state facts sufficient. Section 21 of the public health law (Laws 1893, c. 661, p. 1502) empowers local boards of health to make and publish general orders and regulations for the preservation of life and health, and also orders and regulations not of general application for the suppression of particular nuisances, and to maintain suits in the name of the municipality to restrain by injunction violations of such orders and regulations and to enforce the same. The complaint alleges that the board of health of the village after a hearing to the defendant passed a resolution declaring the vibrations of its engines and dynamos in its electrical power house a nuisance and a cause of danger and detrimental to the health of a large number of inhabitants of the village, and ordering it abated; that a copy thereof was served on the defendant, and a demand made of it by the board to comply therewith, but it refused.

There is then an allegation that the said vibrations are a nuisance and a cause of danger and detrimental to the health of a large number

of the inhabitants of the village; but there is no allegation of·any noise or jar therefrom, much less of any extending beyond the power house. No fact is alleged to show a nuisance. The complaint is framed on the theory that it is enough to allege and on the trial prove that the board of health has declared a nuisance and ordered it abated. This is erroneous. Its resolution and order were in no sense an adjudication. People ex rel. Copcutt v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 23 L. R. A. 481, 37 Am. St. Rep. 522. The complaint must allege facts constituting a nuisance, and such resolution and order are not evidence thereof.

The judgment should be reversed and the demurrer sustained, with leave to the plaintiff to plead over.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to plead over on payment. All concur.