good consideration, is made subsequent to the lease, and does not vary, but is really in addition to, the lease, and is not within the statute of frauds.

The plaintiff also seeks to sustain the ruling of the trial justice on the ground that there is no evidence to show that August H. Heyland had authority to bind the other owners of the premises. No objection to the evidence was, however, taken on this ground, and, if such objection had been taken, it could probably have been obviated.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

WHITAKER, J., concurs.   GUY, J., dissents.

---

ORR v. BALTIMORE & OHIO R. CO.   (No. 7301.)

(Supreme Court, Appellate Division, First Department.   June 4, 1915.)

1. ACTION ⬥2—RIGHT OF ACTION—ORDINANCES—VIOLATION.
    The mere violation of a municipal ordinance, though evidence of negligence, does not of itself give rise to a cause of action for damages, unless the ordinance by legislative adoption has the force of a statute, in which case the matter is governed by the rules applicable to statutes.
    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 10–16; Dec. Dig. ⬥2.]

2. EVIDENCE ⬥35—JUDICIAL NOTICE—FOREIGN STATUTE.
    The courts will not take judicial notice of the acts of a foreign Legislature, or determine their application to a particular ordinance.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 35, 51; Dec. Dig. ⬥35.]

3. STATUTES ⬥281—PLEADING—NECESSITY.
    Unless pleaded, the courts cannot determine the applicability of acts of a foreign Legislature to particular ordinances.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 380, 381; Dec. Dig. ⬥281.]

4. NUISANCES ⬥6—DECLARATION.
    The mere declaration in a municipal ordinance that the storage of a certain quantity of nitrate of soda without a license shall constitute a nuisance is not effective to constitute such storage a nuisance.
    [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 35–38; Dec. Dig. ⬥6.]

5. NEGLIGENCE ⬥124—EVIDENCE—ORDINANCES.
    A municipal ordinance is admissible in evidence to show the negligence of one who violates it.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 235–238; Dec. Dig. ⬥124.]

Appeal from Special Term, New York County.

Action by Orton G. Orr against the Baltimore & Ohio Railroad Company. From an order overruling a demurrer to the amended complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Marvin W. Wynne, of New York City (Henry E. Chapin, of New York City, on the brief), for appellant.

Arthur W. Clement, of New York City (Wilson E. Tipple, of New York City, on the brief), for respondent.

LAUGHLIN, J. The amended complaint contains two counts. The plaintiff claims that they both sound in tort and are to recover the same damages on different theories; but the defendant contends that one is on contract and the other is in tort. The action is brought on an assigned claim for the loss of freight. It is alleged in the first count that the defendant, on the 19th day of September, 1912, at Philadelphia, Pa., as a common carrier for hire, received from M. Gottesman & Son 516 bales of wood pulp, of the value of $4,365.90, and for a valuable consideration promised and agreed "to hold the same awaiting reshipment," and on receipt of shipping instructions to transfer the same to the consignee and destination to be designated thereby, and that while the property was so in possession of the defendant it was destroyed through its *negligence,* the particulars of which are not set forth. The second count is for the value of the same property alleged to have been destroyed while in the possession of the defendant *voluntarily* as *warehousemen* by the explosion of a quantity of more than 25 pounds of nitrate of soda, which defendant also held as warehousemen in the same structure without having obtained a license therefor, as required by an ordinance of the city of Philadelphia regulating the maintenance, sale, and storage of certain chemicals and combustibles, and in violation of said ordinance, which declared that "it should be a nuisance to store within the limits" of said city more than 25 pounds of nitrate of soda without obtaining a license therefor as therein provided, and that the ordinance "should apply to railroad and transportation companies, where said property was held voluntarily by them as a warehouseman."

[1-3] The grounds of the demurrer are that the facts stated in the second count are insufficient, and that causes of action have been improperly united, in that a cause of action for breach of contract and one in tort predicated on a violation of a municipal ordinance have been joined. In the view we take of the case it is not necessary to consider the second ground of demurrer, and therefore we express no opinion thereon. The only basis for the second cause of action is the violation of the ordinance. Authority to enact municipal ordinances is ordinarily conferred to regulate and restrict, in the interests of the public, existing rights and duties, and not to add to common-law duties, or to create causes of action for the benefit of third parties, and it is well settled in this jurisdiction that the mere violation of a municipal ordinance, although evidence of negligence, does not in and of itself give rise to a cause of action for damages resulting therefrom, and that the remedy prescribed in the ordinance is ordinarily exclusive, although a violation of a statute, or of an ordinance having by legislative adoption the force of a statute, may give rise to a cause of action. Brown v. State Line R. R. Co., 22 N. Y. 191; McGrath v. N. Y. C. R. R. Co., 63 N. Y. 522; Massoth v. D. & H.

Canal Co., 64 N. Y. 524; Knupfle v. Knickerbocker Ice Co., 84 N. Y. 488; Moore v. Gadsden, 93 N. Y. 12; City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760; Fluker v. Ziegele, 201 N. Y. 40, 93 N. E. 1112, Ann. Cas. 1912A, 793; Amberg v. Kenley, 108 N. E. 830; Racine v. Morris, 201 N. Y. 240, 94 N. E. 864; Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385; Connolly v. Bursch, 149 App. Div. 772, 134 N. Y. Supp. 141. See, also, Koch v. Fox, 71 App. Div. 288, 75 N. Y. Supp. 913. The Building Code, the violation of which we said in Acton v. Reed, 104 App. Div. 510, 93 N. Y. Supp. 911, would give rise to a cause of action in favor of any one entitled to its observance, had been approved by the Legislature. City of New York v. Trustees, etc., 85 App. Div. 355, 83 N. Y. Supp. 442.

It is claimed, but not alleged, that the ordinance was adopted and approved by the Legislature of Pennsylvania; but we cannot take judicial notice of acts of a foreign Legislature, or determine their application to particular ordinances, unless pleaded. Southworth v. Morgan, 205 N. Y. 293, 98 N. E. 490, 51 L. R. A. (N. S.) 56. The authority to enact the ordinance is not pleaded, nor are any facts set forth which render the general rule, to which reference has been made, inapplicable. The case presents the effect of the regulation *as an ordinance,* and not as *a statute,* and therefore the general rule, already stated, applies.

[4, 5] The learned counsel for the plaintiff attempts to sustain the second cause of action on the theory that the defendant was guilty of maintaining a nuisance, and he relies on the declaration of the ordinance to that effect, without alleging any facts tending to show that the storage of the nitrate of soda was in fact a nuisance. The mere declaration in the ordinance is not effective to constitute the storage of more than 25 pounds of nitrate of soda *without a license* a nuisance. Village of White Plains v. Tarrytown Rd. Co., 117 App. Div. 841, 102 N. Y. Supp. 1046. See, also, People ex rel. Copcutt v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 23 L. R. A. 481, 37 Am. St. Rep. 522. If the storage of the nitrate of soda was a proximate cause of the damages sustained by the plaintiff, the ordinance will be admissible in evidence, as tending to show negligence under the first count of the amended complaint, which, as already observed, is predicated solely on the ground of negligence. Shields v. Pugh Co., 122 App. Div. 586, 107 N. Y. Supp. 604; Racine v. Norris, supra.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the demurrer sustained, with costs. Order filed. All concur.