DOMINICK NUNZIATO, Respondent, v. THE CITY OF WHITE PLAINS, Appellant.—— Action for breach of contract under which the plaintiff furnished to the defendant, The City of White Plains, certain foods delivered to recipients of relief during a specified period. Order denying defendant's motion, under Civil Practice Rule 107, to dismiss the complaint on the ground that plaintiff had obtained an audit of his claim, which audit was *res judicata* of the claim sued upon, affirmed, with ten dollars costs and disbursements. Where a city is involved, a contractor's remedy for non-payment on a municipal contract is by mandamus order where the non-payment arises as a consequence of lack of funds, unless it appear that the contract has been the subject of a breach by the city, in which event the remedy is by an action. (*Weston* v. *City of Syracuse*, 158 N. Y. 274, 284.) The rule with respect to the effect of an audit where a city or village is involved differs from that applicable where a town or county is involved. When a town or county is involved an audit bars an action and a review from a determination must be had, if at all, by certiorari order.█ (*Osterhoudt* v. *Rigney*, 98 N. Y. 222; *People ex rel. Myers* v. *Barnes*, 114 id. 317; *N. Y. C. Protectory* v. *Rockland County*, 212 id. 311.) When a city or village is involved an action may be maintained. (*Port Jervis Water Co.* v. *Village of Port Jervis*, 151 N. Y. 111, 115; *Reynolds* v. *Village of Ossining*, 102 App. Div. 298.) The provision in section 54 of chapter 356 of the Laws of 1915, that an audit by the common council " shall be final and conclusive as to the amount of the claims," does not bar an action in the event one as a claimant is aggrieved by such audit. The determination is only final and conclusive as to other officers of the city in the event that such a determination is the subject of challenge by such other officers. (*People ex rel. Foster* v. *Justice*, 147 N. Y. Supp. 257 [not officially published].) The statute is to be construed so as not to generate a constitutional infirmity. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

PIONEER UTILITIES CORPORATION, Respondent, v. SCOTT-NEWCOMB, INC., Appellant.— In an action for damages instituted by alleged service of summons and notice upon the defendant, a foreign corporation, here appellant, order denying defendant's motion to vacate such service upon the ground that the defendant is a foreign corporation not transacting business in the State of New York and not subject to the jurisdiction of this court affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE BARNES, Appellant.— Judgment of the County Court of Queens county, convicting appellant of the crime of robbery in the first degree, and orders, unanimously affirmed. Appeal from sentence dismissed. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.