In the Matter of FLORENCE SHEDRICK et al., Petitioners, against BOARD OF HEALTH OF THE CONSOLIDATED DISTRICT OF PRATTSBURG, Respondent.

Supreme Court, Special Term, Steuben County, April 25, 1953.

*Paul Reed Taylor* for respondent.

*Charles P. Knapp* for Florence Shedrick, petitioner.

*Domenick L. Gabrielli* for Robert S. Bancroft, as executor of Leona Bancroft, deceased, petitioner.

BLAUVELT, J. By her petition, Florence Shedrick alleges that she is occupying a building on certain premises situate in the village of Prattsburg, Steuben County, New York, under a lease from the former owner, Leona Bancroft, now deceased, which includes an option to purchase. By separate petition, Robert S. Bancroft alleges that he is the duly appointed executor of the last will and testament of Leona Bancroft, deceased, who at the time of her death was the owner of the real estate in question.

It is the contention of the petitioners that without a hearing or notice to them, the respondent has made a determination that the building on the premises in question constitutes a nuisance, has ordered the alleged nuisance to be suppressed and removed by the owner, has directed the occupants to remove themselves therefrom and has issued a warrant to the Steuben County Sheriff to remove the occupants from the building and to " seal the premises ". Respondent has answered and admits that it has acted as above charged by petitioners but claims that it acted pursuant to law and that the building constitutes a nuisance in that its condition is deemed to be detrimental to public health and safety.

In these proceedings, petitioners seek to review the determination and orders and warrant of respondent and ask that the same be annulled, vacated and set aside on the ground that no nuisance exists, in fact, that no hearing was held by respondent, that petitioners had no notice of the proceedings had by respondent which are alleged to have been arbitrary, capricious, improper, illegal, contrary to law and unconstitutional in that the petitioners have been deprived of property without due process of law.

No relief under article 78 of the Civil Practice Act is available to petitioners for the reason that the determination sought to be reviewed does not finally determine the rights of the parties with respect to the matter. (Civ. Prac. Act, § 1285, subd. 3.) Respondent was empowered to make the determination and orders and issue the warrant complained of, if the condition of the building did in fact constitute a nuisance. (Public Health Law, §§ 21, 26, 31.) Persons charged with maintaining a nuisance have no right to a hearing before the board of health, but the determination of respondent is not final. (*City of Newburg* v. *Park Filling Station,* 273 App. Div. 24, affd. 298 N. Y. 649; *People ex rel. Copcutt* v. *Board of Health,* 140 N. Y. 1; *Village of White Plains* v. *Tarrytown, White Plains & Mamaroneck Ry. Co.,* 117 App. Div. 841; *People ex rel. Greenleaf* v. *Board of Health,* 83 App. Div. 571; *Kent* v. *Village of North Tarrytown,* 50 App. Div. 502; *Morton* v. *St. Patrick's R. C. Church Soc.,* 56 Misc. 71.)

As to whether or not a nuisance in fact exists is not for this court to say in these particular proceedings. However, petitioners are not helpless, if they feel they are aggrieved. As pointed out by the court in the case of *City of Newburg* v. *Park Filling Station* (*supra,* p. 26): " the determination of the board is not final. A property owner has a remedy against the determination of the board either by action in equity for injunction or at law for damages if the condition is not, in fact, a nuisance. In other words, the board acts at its peril in making its determination and proceeding to abate the nuisance ".

If respondent should feel that the rule that it " acts at its peril " is harsh and unreasonable, the answer to such a query has already been given by the court in the case of *People ex rel. Copcutt* v. *Board of Health* (*supra,* p. 8): " They [Board of Health] should not destroy property as a nuisance unless they know it to be such, and if there be doubt whether it be a nuisance or not the board should proceed by action to restrain or abate the nuisance, and thus have the protection of a judgment for what it may do ".

For the reasons stated, this court is of the opinion that the petitions and proceedings must be dismissed, and motions of respondent are therefore granted. In the discretion of the court, no costs are to be awarded.

Submit order.